#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| USAA LIFE INSURANCE COMPANY, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   CASE NO. |
| | § |
| EUGENE STAUCH, LANDEN HIOTT, | § |
| AND LETECIA STAUCH, | § |
| | § |
| Defendants. | § |
| | § |

#### PLAINTIFF USAA LIFE INSURANCE COMPANY'S
#### COMPLAINT IN INTERPLEADER

Plaintiff USAA Life Insurance Company respectfully submits its Complaint in Interpleader against Defendants Eugene Stauch, Landen Hiott, and Letecia Stauch as follows:

### I. PARTIES

1. Plaintiff USAA Life Insurance Company ("USAA Life") is a corporation organized under the laws of Texas, and its principal place of business is located in San Antonio, Texas. USAA Life is an insurance company authorized to transact the business of insurance in Colorado. USAA Life is a citizen of Texas within the meaning and intent of 28 U.S.C. § 1332.

2. Upon information and belief, Eugene Albert Stauch ("Al") is an individual domiciled in Colorado Springs, Colorado. Mr. Stauch may be served with process at 423 Chamberlain Place, Colorado Springs, Colorado 80906. This defendant is a citizen of Colorado within the meaning of U.S.C. § 1332.

3. Upon information and belief, Landen Hiott is an individual domiciled in Conway, South Carolina. Ms. Hiott may be served with process at 901 Hundall Road, Conway, South Carolina 29526. This defendant is a citizen of South Carolina within the meaning of U.S.C.

§ 1332.

4. Upon information and belief, Letecia Stauch is incarcerated at the El Paso County Jail in Colorado Springs, Colorado. Prior to her incarceration, upon information and belief, Ms. Stauch was domiciled in Colorado Springs, Colorado. As such, Ms. Stauch is a citizen of Colorado within the meaning and intent of 28 U.S.C. § 1332.

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction under 28 U.S.C. § 1335 because the interpleader fund exceeds $500.00[1] and two or more adverse claimants are of diverse citizenship, as set forth above.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and at least one Defendant resides in this District and is subject to this Court's personal jurisdiction. 28 U.S.C. § 1391(b)(2)-(3).

## III. FACTUAL BACKGROUND

7. Effective June 11, 2017, USAA Life issued life insurance policy number D433972188 (the "Policy") insuring and owned by Letecia Stauch ("Letecia") (the "Policy"). A duplicate copy of the Policy is attached hereto as Exhibit 1.[2]

8. The Policy included a Term Life Insurance Rider for Children (the "Child Rider"), providing a death benefit of $25,000 (the "Death Benefit") to each insured child. *See id.*

---

[1] USAA Life seeks to deposit the Death Benefit (defined below), totaling $25,000, plus any accrued interest, into the registry of the Court upon issuance of an order granting USAA Life's Motion for Leave to Deposit Funds, filed contemporaneously with this Complaint.

[2] Sensitive, personal information within the exhibit has been redacted. USAA Life will provide unredacted copies to the Court, if requested.

at p. 20, 32. Gannon Stauch was named as an insured child. *See id.* at p. 36.[3]

9. The Child Rider specifies that USAA Life will pay the Death Benefit, "to the Insured, if living" or "to the estate of the Insured Child."

10. Upon information and belief, Gannon Stauch was murdered in late January 2020. Upon information and belief, at the time of his death, Gannon resided in Colorado Springs, Colorado.

11. Letecia was arrested for Gannon's murder in March 2020 and was charged with murder in the first degree, child abuse resulting in death, tampering with a deceased human body, and tampering with physical evidence in Case No. D0212020CR001358, *The People of the State of Colorado v. Letecia Stauch*, in the District Court of El Paso County, Colorado. *See* [Complaint and Information - D212020CR1358 (state.co.us)](); [Trial set for Colorado woman accused of killing her stepson Gannon Stauch (kktv.com)](); and Affidavit of Probable Cause in Support of Arrest attached hereto as Exhibit 2 and also available at [No Bond filed by EPSO Det Bethel signed by Judge Rotolo - D212020CR1358 (state.co.us)]().

12. Trial in the criminal action is currently set for March 20, 2023. *See* [10-13-2022 [O-24] Order - Notice of Trial and Motions.pdf (state.co.us)]()

13. Colorado law provides, in pertinent part that "[t]he felonious killing of the decedent: (a) [r]evokes any revocable (i) disposition or appointment of property made by the decedent to the killer in a governing instrument. Colo. Rev. Stat. Ann. § 15-11-803(3). While the Child Rider Death Benefit does not technically constitute a "governing instrument" because it was not executed by Gannon,[4] Colorado law further specifies that "[a] wrongful acquisition of

---

[3] Gannon was Letecia's stepson.
[4] *See* Colo. Rev. Stat. Ann. § 15-11-803(1)(c).

property or interest by a killer not covered by this section must be treated in accordance with the principle that a killer cannot profit from the killer's wrongdoing." *Id.* at Colo. Rev. Stat. Ann. § 15-11-803(6).

14. Thus, if this Court finds that Letecia feloniously killed[5] Gannon, she will be precluded from receiving the Death Benefit. In that event, the Child Rider requires that the Death Benefit be paid to Gannon's estate.

15. Under Colorado intestacy laws, Gannon's parents, Al and Landen, are equally entitled to Gannon's intestate estate. *See* Colo. Rev. Stat. Ann. § 15-11-103(4) ( "If a decedent is not survived by a descendant but is survived by one or more parents, any part of the intestate estate not passing to the surviving spouse or surviving designated beneficiary is distributed as follows: (a) [t]he intestate estate or part is divided into as many equal shares as there are: (I) [s]urviving parents" and "[o]ne share passes to each surviving parent.").

16. As a result of the pending charges against Letecia for Gannon's murder, USAA Life faces the prospect of exposure to multiple liability for the Death Benefit.

## COUNT I - INTERPLEADER

17. USAA Life incorporates herein by reference each of its allegations contained in the preceding paragraphs.

18. USAA Life is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve the potential for exposure to multiple liability and potential rights to the Death Benefit.

19. There is presently an actual, justifiable controversy as to who is entitled to the Death Benefit.

---

[5] *See* Colo. Rev. Stat. Ann. § 15-11-803(1)(b); (7).

20. USAA Life neither has, nor claims, any interest in the Death Benefit, which USAA Life has, at all times, been willing to deliver to the person or persons entitled to same.

21. USAA Life is ready, willing, and able to pay the Death Benefit into the Court's registry, or as the Court otherwise directs.

22. USAA Life is unable to determine whether Letecia, Al, Landen, or another individual or entity is entitled to the Death Benefit without incurring the risk of multiple liability for the Death Benefit.

23. USAA Life has not unreasonably delayed the filing of this action for interpleader.

24. USAA Life further alleges that it is entitled to recover allowable attorneys' fees and costs as a result of these proceedings.

## COUNT II – DECLARATORY RELIEF (in the alternative)

25. USAA Life incorporates herein by reference each of its allegations contained in the preceding paragraphs.

26. USAA Life alternatively requests that the Court enter a declaration of rights under Colorado Rule of Civil Procedure 57.

27. As a result of the pending charges against Letecia for Gannon's murder, an actual controversy exists as to whom USAA Life may remit the Death Benefit.

28. Letecia's right to receive the Death Benefit is dependent upon a determination that she is not precluded from recovery by Colorado Revised Statutes section 15-11-803.

29. As a result, there exists a bona fide present need for a declaration as to whom USAA Life may appropriately remit the Death Benefit.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, on the basis of the foregoing, USAA Life Insurance Company respectfully requests the Court enter an order as follows:

a. permitting USAA Life to deposit into the Court's registry the Death Benefit, within thirty (30) days of the Court's order;

b. in the alternative, declaring the proper payee of the Death Benefit and to whom USAA Life may properly remit such payment(s);

c. awarding USAA Life reasonable attorney fees, together with all costs of court and expenses incurred by USAA Life in this suit, with all such fees, costs, and expenses to be paid out of the Death Benefit prior to any award to the prevailing party;

d. enjoining and restraining Defendants, or any other claimant, from instituting or maintaining any additional action against USAA Life relating to the Child Rider or the Death Benefit;

e. discharging USAA Life from any and all liability with respect to the Death Benefit;

f. dismissing USAA Life from this action with prejudice; and

g. granting USAA Life all other relief that the Court deems just and proper.

Dated: February 13, 2023.                Respectfully submitted,

                                                                       MCDOWELL HETHERINGTON LLP

                                                                       By: /s/ *Amy B. Boyea*
                                                                           Amy B. Boyea
                                                                           Texas Bar No. 24026910
                                                                           C. Summer Simmons*
                                                                           Texas Bar No. 24088574
                                                                           1000 Ballpark Way, Suite 209
                                                                           Arlington, Texas 76011
                                                                           Telephone: (817) 635-7300
                                                                           Facsimile: (817) 635-7308
                                                                           amy.boyea@mhllp.com
                                                                           summer.simmons@mhllp.com

                                                                           *to be admitted

                                                                           **ATTORNEYS FOR PLAINTIFF USAA LIFE INSURANCE COMPANY**