

9800 Fredericksburg Road
San Antonio, Texas 78288

LETECIA STAUCH                                                     August 25, 2020
PO BOX 50991
MYRTLE BEACH SC 29579-0017

Reference: Request for Duplicate Contract

Dear Ms. Stauch,

Thank you for contacting USAA Life Insurance Company for assistance. Enclosed is a duplicate of your Level Term Series V contract.

This duplicate replaces the original contract.

Because it is a valuable legal document, we recommend you maintain only one copy of your contract. If you locate the original, please compare it to the duplicate and retain the most updated contract for your records.

| **USAA Number:** | 036580118 |
| **Contract Number:** | D433972188 |
| **Insured:** | Letecia Stauch |

If you have questions, please contact us at 210-531-USAA (8722), our mobile shortcut #8722 or 800-531-8722. For contract information, you can also visit us online at usaa.com.

Thank you,
USAA Life Insurance Company



**USAA LIFE INSURANCE COMPANY**
(A Stock Company)

## LEVEL TERM LIFE INSURANCE

This policy is issued in consideration of the application and payment of premiums as provided.

While this policy is in effect, we will pay the death benefit to the Beneficiary if the Insured dies before the Expiration Date. Any payment will be made subject to this policy's provisions.

This life insurance policy is a legal contract between the Owner and the Company. **READ YOUR POLICY CAREFULLY.** Its terms are contained on this page and those which follow. **See the INDEX on Page 1A and DEFINITIONS on Page 4.**

Signed for the Company.

Brandon D. Carter
President

James G. Whetzel
Secretary

**RIGHT TO CANCEL. If you decide not to keep this policy, return it within 20\* days after you receive it. You may return it to any of our representatives, or you may mail it to us. The return of this policy will void it from the beginning. After we receive the policy, we will refund the premium paid without interest.**

\* A longer period may be required by law in some situations. The exact number of days is shown in the Free Look Period on the **POLICY INFORMATION** page.

**NOTICE TO OWNER:**
**If you have questions or need information about this policy or if you need assistance in resolving a complaint, please call us at 210-531-USAA (8722), our mobile shortcut #8722 or 800-531-8722.**

**LEVEL TERM LIFE INSURANCE**

**Premiums are payable in advance while the Insured is alive and until the Expiration Date. After the Premium Guarantee Period, premiums will not be more than the Total Annual Premium shown in the SCHEDULE OF GUARANTEED PREMIUMS. The policy may be continued to the Expiration Date. Convertible through the date shown in the POLICY INFORMATION section. Death benefit is payable if the Insured dies before the Expiration Date and while this policy is in effect.**

**Nonparticipating:  dividends are not payable.**

**USAA LIFE INSURANCE COMPANY** 9800 Fredericksburg Road  San Antonio, Texas 78288

LLT98569SC  08-16          **30 YEARS**          Page 1          D433972188          98569-0916
                                                                                    LLT205SC

DUPLICATE

## INDEX

**Page**

**BENEFICIARY** ................................................ **7**
    Change of Beneficiary ................................ 7
    Irrevocable Beneficiary ............................... 7
    Payment to Beneficiary .............................. 7

**CONVERSION** .......................................... **9-10**
    Conversion Credit ...................................... 10
    New Policy ................................................. 9
    Suicide and Incontestability ....................... 10

**DEATH BENEFIT** ......................................... **10**
    Death Benefit ............................................ 10
    Interest Paid on Death Benefit ................... 10
    Payment of Death Benefit .......................... 10
    Suicide Exclusion ...................................... 10

**DEFINITIONS** .............................................. **4**

**GENERAL PROVISIONS** ........................... **5-6**
    Assignment ............................................... 5
    Choice of Law ........................................... 5
    Entire Contract .......................................... 5
    Health of Insured ...................................... 5
    Incontestability .......................................... 5
    Misstatement of Birth Date or Sex ............ 5
    Notification of Death ................................. 5
    Payments .................................................. 6
    Policy Changes .......................................... 6
    Protection of Benefits ................................ 6
    Representations ......................................... 6
    Termination of Policy ................................. 6

**METHODS OF SETTLEMENT** ................... **11-13**
    Amount of Payment .................................. 11
    Election of Option ...................................... 12
    Options ..................................................... 12
    Payment .................................................... 11
    Payment of Proceeds ............................... 11
    Table of Guaranteed Monthly Payments ... 13

**Page**

**OWNERSHIP** ................................................ **6-7**
    Change of Owner ...................................... 6
    Joint Owners ............................................. 6
    Ownership Rights ...................................... 6
    Ownership Succession .............................. 7

**POLICY INFORMATION** ............................... **3**
    Policy Date ............................................... 3
    Policy, Premium, and Rider Information ..... 3
    Table of Annual Renewal Premiums .......... 3

**PREMIUMS** ................................................. **7-8**
    Adjustment of Premiums ............................ 8
    Frequency of Premium Payments .............. 8
    Grace Period .............................................. 8
    Premium Payments ................................... 7

**REINSTATEMENT** ....................................... **8-9**
    Effective Date of Reinstatement ................ 9
    Reinstatement Requirements ..................... 8

Any endorsements, restrictions, riders or additional benefits follow Page 13.

# POLICY INFORMATION
# CONTRACT DATA

**USAA NUMBER -**   036580118

**CONTRACT NUMBER  -**   D433972188

**EFFECTIVE DATE  -**   JUNE 11, 2017

**INITIAL FACE AMOUNT -**   $250,000.00

**INITIAL BENEFIT PERIOD -**  30 YEARS

**PREMIUM GUARANTEE PERIOD -**   30 YEARS

**CONVERSION CREDIT -**   50% of the annual premium for this policy in the year of conversion

**CONVERSION CREDIT EXPIRATION DATE -**   10 YEARS after the Effective Date

**CONVERSION OPTION EXPIRATION DATE -**   JUNE 11, 2047

**EXPIRATION DATE -**   JUNE 11, 2079

**FREE LOOK PERIOD -**   31   DAYS

**ISSUE AGE -**   33

**GENDER  -**   FEMALE

**TOTAL FIRST PREMIUM -**   $30.06

**INSURED  -**   LETECIA L STAUCH

**OWNER  -**   LETECIA L STAUCH

**(OWNER INFORMATION IS SUBJECT TO ANY CHANGE SUBMITTED AND ON RECORD.)**

LLT98569SC 08-16                              PAGE 2      D433972188                  LPS354ST

DUPLICATE

# POLICY INFORMATION (Cont'd)
## PREMIUM SCHEDULE

**USAA NUMBER -** 036580118          **CONTRACT NUMBER -** D433972188

### GUARANTEED PREMIUMS*

|  |  |  | MONTHLY |
|---|---|---|---|
| ANNUAL | SEMI-ANNUAL | QUARTERLY | (AUTOMATIC PAYMENT PLAN) |
| 361.00 | 187.72 | 95.66 | 30.06 |

### CURRENT YEAR CURRENT PREMIUMS

|  |  |  | MONTHLY |
|---|---|---|---|
| ANNUAL | SEMI-ANNUAL | QUARTERLY | (AUTOMATIC PAYMENT PLAN) |
| 361.00 | 187.72 | 95.66 | 30.06 |

THE TOTAL PREMIUM INCLUDES THE PREMIUM FOR ANY ADDITIONAL BENEFITS.

\* FOR PREMIUM PAYMENT INTERVALS OTHER THAN ANNUAL, MULTIPLY THE ANNUAL PREMIUM BY:
 52.000%  FOR SEMI-ANNUAL; 26.500%  FOR QUARTERLY; 8.333%  FOR MONTHLY AUTOMATIC
 PAYMENT PLAN.

THE TOTAL PREMIUM PER YEAR UNDER THE MONTHLY, QUARTERLY, AND SEMI-ANNUAL PAYMENT MODES
MAY BE MORE THAN IF PREMIUMS ARE PAID UNDER THE ANNUAL MODE.

THE TOTAL ANNUAL PREMIUM PAYABLE WILL BE ADJUSTED ACCORDINGLY IF THE PREMIUM FOR A BENEFIT
CHANGES OR IS NO LONGER PAYABLE.

| FORM NUMBERS | BENEFITS | *FACE AMOUNT | *CURRENT MONTHLY PREMIUM | YEARS GUARANTEED |
|---|---|---|---|---|
| LLT98569SC 08-16 | [1]30 YEAR LEVEL TERM SERIES V | 250,000 | 22.07 | 30 |
| LBR98550ST 07-16 | [2]CHILD RIDER | 25,000 | 7.99 | 38 |
| ICC1497953 03-14 | MIL FUTURE INSURABILITY RIDER |  |  |  |
| ICC1598284 03-15 | TERM LIFE EVENT OPTION RIDER |  |  |  |
| LBR47304ST 06-04 | ACCELERATED BENEFIT FOR TERMINAL ILLNESS RIDER | 0 |  |  |

*SEE FOLLOWING POLICY INFORMATION PAGES.
[1]THIS COVERAGE IS IN A PREFERRED ULTRA PREMIUM CLASS
[2]THIS COVERAGE IS IN A PREFERRED PREMIUM CLASS

DUPLICATE

## POLICY INFORMATION (Cont'd)

**USAA NUMBER - 036580118**          **CONTRACT NUMBER - D433972188**

### SCHEDULE OF GUARANTEED PREMIUMS

| POLICY YEAR BEGINNING | FACE AMOUNT | BASIC ANNUAL PREMIUM | EXTRA RATING | WAIVER OF PREMIUM |
|---|---|---|---|---|
| 06-11-2018 | 250,000 | 265.00 | | |
| 06-11-2019 | 250,000 | 265.00 | | |
| 06-11-2020 | 250,000 | 265.00 | | |
| 06-11-2021 | 250,000 | 265.00 | | |
| 06-11-2022 | 250,000 | 265.00 | | |
| 06-11-2023 | 250,000 | 265.00 | | |
| 06-11-2024 | 250,000 | 265.00 | | |
| 06-11-2025 | 250,000 | 265.00 | | |
| 06-11-2026 | 250,000 | 265.00 | | |
| 06-11-2027 | 250,000 | 265.00 | | |
| 06-11-2028 | 250,000 | 265.00 | | |
| 06-11-2029 | 250,000 | 265.00 | | |
| 06-11-2030 | 250,000 | 265.00 | | |
| 06-11-2031 | 250,000 | 265.00 | | |
| 06-11-2032 | 250,000 | 265.00 | | |
| 06-11-2033 | 250,000 | 265.00 | | |
| 06-11-2034 | 250,000 | 265.00 | | |
| 06-11-2035 | 250,000 | 265.00 | | |
| 06-11-2036 | 250,000 | 265.00 | | |
| 06-11-2037 | 250,000 | 265.00 | | |
| 06-11-2038 | 250,000 | 265.00 | | |
| 06-11-2039 | 250,000 | 265.00 | | |
| 06-11-2040 | 250,000 | 265.00 | | |
| 06-11-2041 | 250,000 | 265.00 | | |
| 06-11-2042 | 250,000 | 265.00 | | |
| 06-11-2043 | 250,000 | 265.00 | | |
| 06-11-2044 | 250,000 | 265.00 | | |
| 06-11-2045 | 250,000 | 265.00 | | |
| 06-11-2046 | 250,000 | 265.00 | | |
| 06-11-2047 | 250,000 | 5,062.50 | | |
| 06-11-2048 | 250,000 | 5,555.00 | | |
| 06-11-2049 | 250,000 | 6,097.50 | | |
| 06-11-2050 | 250,000 | 6,682.50 | | |
| 06-11-2051 | 250,000 | 7,307.50 | | |
| 06-11-2052 | 250,000 | 8,005.00 | | |
| 06-11-2053 | 250,000 | 8,815.00 | | |
| 06-11-2054 | 250,000 | 9,757.50 | | |
| 06-11-2055 | 250,000 | 10,875.00 | | |
| 06-11-2056 | 250,000 | 12,185.00 | | |
| 06-11-2057 | 250,000 | 13,712.50 | | |
| 06-11-2058 | 250,000 | 15,487.50 | | |
| 06-11-2059 | 250,000 | 17,527.50 | | |
| 06-11-2060 | 250,000 | 19,862.50 | | |
| 06-11-2061 | 250,000 | 22,580.00 | | |
| 06-11-2062 | 250,000 | 25,787.50 | | |
| 06-11-2063 | 250,000 | 29,652.50 | | |
| 06-11-2064 | 250,000 | 34,212.50 | | |
| 06-11-2065 | 250,000 | 39,082.50 | | |
| 06-11-2066 | 250,000 | 44,125.00 | | |
| 06-11-2067 | 250,000 | 49,917.50 | | |
| 06-11-2068 | 250,000 | 57,900.00 | | |
| 06-11-2069 | 250,000 | 67,075.00 | | |
| 06-11-2070 | 250,000 | 76,177.50 | | |
| 06-11-2071 | 250,000 | 86,622.50 | | |
| 06-11-2072 | 250,000 | 98,532.50 | | |
| 06-11-2073 | 250,000 | 111,662.50 | | |
| 06-11-2074 | 250,000 | 125,857.50 | | |
| 06-11-2075 | 250,000 | 141,120.00 | | |
| 06-11-2076 | 250,000 | 157,632.50 | | |
| 06-11-2077 | 250,000 | 174,885.00 | | |
| 06-11-2078 | 250,000 | 192,802.50 | | |

A $50.00 POLICY FEE IS INCLUDED IN THE BASIC ANNUAL PREMIUM SHOWN IN THE TABLE.

NOTE:  BLANK COLUMNS INDICATE BENEFITS THAT WERE DECLINED, NOT APPLICABLE, OR NOT SELECTED.

DUPLICATE

# POLICY INFORMATION (Cont'd)

**USAA NUMBER -  036580118**          **CONTRACT NUMBER -  D433972188**

## SCHEDULE OF GUARANTEED PREMIUMS

| ACCIDENTAL DEATH BENEFIT | CHILD RIDER | WAIVER OF PREMIUM ON CHILD RIDER | TOTAL ANNUAL PREMIUM* |
|---|---|---|---|
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 5,158.50 |
| | 96.00 | | 5,651.00 |
| | 96.00 | | 6,193.50 |
| | 96.00 | | 6,778.50 |
| | 96.00 | | 7,403.50 |
| | 96.00 | | 8,101.00 |
| | | | 8,911.00 |
| | | | 9,773.50 |
| | | | 10,875.00 |
| | | | 12,185.00 |
| | | | 13,712.50 |
| | | | 15,487.50 |
| | | | 17,527.50 |
| | | | 19,862.50 |
| | | | 22,580.00 |
| | | | 25,787.50 |
| | | | 29,652.50 |
| | | | 34,212.50 |
| | | | 39,082.50 |
| | | | 44,125.00 |
| | | | 49,917.50 |
| | | | 57,900.00 |
| | | | 67,075.00 |
| | | | 76,177.50 |
| | | | 86,622.50 |
| | | | 98,532.50 |
| | | | 111,662.50 |
| | | | 125,857.50 |
| | | | 141,120.00 |
| | | | 157,632.50 |
| | | | 174,885.00 |
| | | | 192,802.50 |

* THE TOTAL ANNUAL PREMIUM INCLUDES THE COST OF ALL COVERAGES, INCLUDING LEVEL TERM LIFE INSURANCE RIDER, IF APPLICABLE

DUPLICATE

## POLICY INFORMATION (Cont'd)

**USAA NUMBER -  036580118**          **CONTRACT NUMBER -  D433972188**

### SCHEDULE OF CURRENT PREMIUMS

| POLICY YEAR BEGINNING | FACE AMOUNT | BASIC ANNUAL PREMIUM | EXTRA RATING | WAIVER OF PREMIUM |
|---|---|---|---|---|
| 06-11-2018 | 250,000 | 265.00 | | |
| 06-11-2019 | 250,000 | 265.00 | | |
| 06-11-2020 | 250,000 | 265.00 | | |
| 06-11-2021 | 250,000 | 265.00 | | |
| 06-11-2022 | 250,000 | 265.00 | | |
| 06-11-2023 | 250,000 | 265.00 | | |
| 06-11-2024 | 250,000 | 265.00 | | |
| 06-11-2025 | 250,000 | 265.00 | | |
| 06-11-2026 | 250,000 | 265.00 | | |
| 06-11-2027 | 250,000 | 265.00 | | |
| 06-11-2028 | 250,000 | 265.00 | | |
| 06-11-2029 | 250,000 | 265.00 | | |
| 06-11-2030 | 250,000 | 265.00 | | |
| 06-11-2031 | 250,000 | 265.00 | | |
| 06-11-2032 | 250,000 | 265.00 | | |
| 06-11-2033 | 250,000 | 265.00 | | |
| 06-11-2034 | 250,000 | 265.00 | | |
| 06-11-2035 | 250,000 | 265.00 | | |
| 06-11-2036 | 250,000 | 265.00 | | |
| 06-11-2037 | 250,000 | 265.00 | | |
| 06-11-2038 | 250,000 | 265.00 | | |
| 06-11-2039 | 250,000 | 265.00 | | |
| 06-11-2040 | 250,000 | 265.00 | | |
| 06-11-2041 | 250,000 | 265.00 | | |
| 06-11-2042 | 250,000 | 265.00 | | |
| 06-11-2043 | 250,000 | 265.00 | | |
| 06-11-2044 | 250,000 | 265.00 | | |
| 06-11-2045 | 250,000 | 265.00 | | |
| 06-11-2046 | 250,000 | 265.00 | | |
| 06-11-2047 | 250,000 | 5,062.50 | | |
| 06-11-2048 | 250,000 | 5,555.00 | | |
| 06-11-2049 | 250,000 | 6,097.50 | | |
| 06-11-2050 | 250,000 | 6,682.50 | | |
| 06-11-2051 | 250,000 | 7,307.50 | | |
| 06-11-2052 | 250,000 | 8,005.00 | | |
| 06-11-2053 | 250,000 | 8,815.00 | | |
| 06-11-2054 | 250,000 | 9,757.50 | | |
| 06-11-2055 | 250,000 | 10,875.00 | | |
| 06-11-2056 | 250,000 | 12,185.00 | | |
| 06-11-2057 | 250,000 | 13,712.50 | | |
| 06-11-2058 | 250,000 | 15,487.50 | | |
| 06-11-2059 | 250,000 | 17,527.50 | | |
| 06-11-2060 | 250,000 | 19,862.50 | | |
| 06-11-2061 | 250,000 | 22,580.00 | | |
| 06-11-2062 | 250,000 | 25,787.50 | | |
| 06-11-2063 | 250,000 | 29,652.50 | | |
| 06-11-2064 | 250,000 | 34,212.50 | | |
| 06-11-2065 | 250,000 | 39,082.50 | | |
| 06-11-2066 | 250,000 | 44,125.00 | | |
| 06-11-2067 | 250,000 | 49,917.50 | | |
| 06-11-2068 | 250,000 | 57,900.00 | | |
| 06-11-2069 | 250,000 | 67,075.00 | | |
| 06-11-2070 | 250,000 | 76,177.50 | | |
| 06-11-2071 | 250,000 | 86,622.50 | | |
| 06-11-2072 | 250,000 | 98,532.50 | | |
| 06-11-2073 | 250,000 | 111,662.50 | | |
| 06-11-2074 | 250,000 | 125,857.50 | | |
| 06-11-2075 | 250,000 | 141,120.00 | | |
| 06-11-2076 | 250,000 | 157,632.50 | | |
| 06-11-2077 | 250,000 | 174,885.00 | | |
| 06-11-2078 | 250,000 | 192,802.50 | | |

A $50.00 POLICY FEE IS INCLUDED IN THE BASIC ANNUAL PREMIUM SHOWN IN THE TABLE.

NOTE:  BLANK COLUMNS INDICATE BENEFITS THAT WERE DECLINED, NOT APPLICABLE, OR NOT SELECTED.

DUPLICATE

## POLICY INFORMATION (Cont'd)

**USAA NUMBER - 036580118**　　　　**CONTRACT NUMBER - D433972188**

### SCHEDULE OF CURRENT PREMIUMS

| ACCIDENTAL DEATH BENEFIT | CHILD RIDER | WAIVER OF PREMIUM ON CHILD RIDER | TOTAL ANNUAL PREMIUM* |
|---|---|---|---|
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 361.00 |
| | 96.00 | | 5,158.50 |
| | 96.00 | | 5,651.00 |
| | 96.00 | | 6,193.50 |
| | 96.00 | | 6,778.50 |
| | 96.00 | | 7,403.50 |
| | 96.00 | | 8,101.00 |
| | 96.00 | | 8,911.00 |
| | 96.00 | | 9,773.50 |
| | | | 10,875.00 |
| | | | 12,185.00 |
| | | | 13,712.50 |
| | | | 15,487.50 |
| | | | 17,527.50 |
| | | | 19,862.50 |
| | | | 22,580.00 |
| | | | 25,787.50 |
| | | | 29,652.50 |
| | | | 34,212.50 |
| | | | 39,082.50 |
| | | | 44,125.00 |
| | | | 49,917.50 |
| | | | 57,900.00 |
| | | | 67,075.00 |
| | | | 76,177.50 |
| | | | 86,622.50 |
| | | | 98,532.50 |
| | | | 111,662.50 |
| | | | 125,857.50 |
| | | | 141,120.00 |
| | | | 157,632.50 |
| | | | 174,885.00 |
| | | | 192,802.50 |

* THE TOTAL ANNUAL PREMIUM INCLUDES THE COST OF ALL COVERAGES, INCLUDING LEVEL TERM LIFE INSURANCE RIDER, IF APPLICABLE.

DUPLICATE

# DEFINITIONS

| | |
|---|---|
| **Age** | The Insured's age on his or her last birthday. |
| **Beneficiary** | The person(s) named in the application or in the most recent change on record to receive the death benefit. |
| **Contingent Beneficiary** | The person(s) named in the application or in the most recent change on record to receive the death benefit if the Beneficiary is not alive at the Insured's death. |
| **Effective Date** | As shown on the **POLICY INFORMATION** page, it is the date on which coverage starts. Premium due dates, policy months, years and anniversaries are measured from this date. |
| **Expiration Date** | The date on which coverage is no longer in effect. The Expiration Date is shown on the **POLICY INFORMATION** page. |
| **Face Amount** | The amount of term life insurance coverage in effect and that is shown on the **POLICY INFORMATION** page. After the Initial Benefit Period, the Face Amount may change as shown on the **POLICY INFORMATION** page. |
| **Initial Premium** | The first full premium for the payment frequency selected. The Initial Premium is required to issue the policy. |
| **Insured** | The person whose life is insured under this policy and who is shown on the **POLICY INFORMATION** page. |
| **Owner** | The person(s) named in the application or in the most recent change on record entitled to ownership rights stated in this policy. |
| **Payee** | A person who receives payments under this policy. |
| **Successor Owner** | The person(s) named in the application or in the most recent change on record to become the Owner of this policy if the Owner dies before the Insured. |
| **We, Our, Us, Company** | USAA Life Insurance Company. |
| **Written Request** | A request written to us and received by us.  That request must be signed, dated and notarized (if required by the form) on a form satisfactory to us or provided by us. |
| **You, Your** | The Owner. |

DUPLICATE

## GENERAL PROVISIONS

Any reference to Beneficiary, Contingent Beneficiary, Irrevocable Beneficiary, Owner, Successor Owner, and/or Payee, may include multiple persons.

**Assignment**
We will not be responsible for the validity or sufficiency of any assignment. To be binding on us, an executed assignment must be by Written Request and consented to by any Irrevocable Beneficiary. Your rights and any Beneficiary's interest will be subject to the assignment. Assignment of the policy may subject you to income and gift tax.

**Choice of Law**
This policy will be governed by the laws of the state in which it is delivered.

**Entire Contract**
The entire contract consists of:
1. This policy and
2. Any application (including supplemental or reinstatement applications), amendment, rider, endorsement or revised **POLICY INFORMATION** page(s) that are attached or mailed to your last known address.

Only an officer of the Company can agree to change or waive any provisions that are part of the entire contract. The change or waiver must be in writing.

**Health of Insured**
No insurance under this policy will take effect unless the statement of health and insurability of the Insured continues to be as represented in the application when the policy is delivered and the first premium is paid.

**Incontestability**
We will not contest this policy based on statements made in an application after this policy has been in effect during the Insured's lifetime for 2 years from the Effective Date. We can contest its validity at any time for failure to pay premiums. While this policy is contestable, the Company may rescind the policy or deny a claim on the basis of a material misstatement in the application.

A new period of contestability will apply if reinstatement occurs or additional coverage is added. We will not contest this policy based on statements made in the application for reinstatement or for additional coverage after this policy has been in effect during the Insured's lifetime for 2 years from the effective date of reinstatement or 2 years from the effective date of the additional coverage. For any increase in coverage, only the additional coverage will be contestable.

This **Incontestability** provision applies to any rider unless that rider has its own **Incontestability** provision, in which case the riders provision will apply.

**Misstatement of Birth Date or Sex**
If the Insured's birth date or sex has been misstated, we will adjust the death benefit to what the premiums paid would have bought for the correct birth date or sex.

**Notification of Death**
The death of any Owner, Insured or Payee must be reported to us immediately. We are entitled to recover any overpayments made because of a failure to notify us of any such death. We are not responsible for any incorrect payments that result from a failure to immediately notify us of any such death. From time to time we may require proof that the Owner or Insured, or any other person to whom payment is due, is still alive. We may withhold any payments until we receive such proof.

DUPLICATE

## GENERAL PROVISIONS *(Cont'd)*

**Payments**

All payments will be made by check or draft in United States currency and will be sent to the recipient's last known address.

**Policy Changes**

After we receive and record a Written Request for a change in Owner, Successor Owner, Beneficiary, Contingent Beneficiary or Irrevocable Beneficiary, the change will take effect on the date the request was originally signed, even if the Owner who signed the request or the Insured has since died. However, the change will be subject to any payments made or actions taken by us before the Written Request for change was received and recorded.

We may require return of this policy for endorsement or otherwise in the event of a change in the Owner, Successor Owner, Beneficiary, Contingent Beneficiary, Irrevocable Beneficiary, settlement option or other change. We reserve the right to issue revised **POLICY INFORMATION** pages in the event of any change to this policy.

**Protection of Benefits**

Only you can assign, encumber or pledge any benefit paid under this policy. To the extent permitted by law and except to the extent you have assigned this policy, no benefit paid or to become payable, will be subject to any claim or process of law by any creditor.

**Representations**

We will rely on all statements made in an application. In the absence of fraud, we will consider such statements to be representations and not warranties. We will not use any statement in defense of a claim unless that statement is made in an application, which is part of the entire contract.

**Termination of Policy**

Coverage under this policy will end at the earliest of the following events:
1. The Insured dies.
2. The grace period ends without receipt of required payment.
3. The policy is exchanged for a new policy.
4. The Expiration Date.

## OWNERSHIP

**Ownership Rights**

While the Insured is alive, you may:
1. Exercise any of the rights under this policy.
2. Assign this policy.
3. Subject to our agreement, change or amend this policy.

**Change of Owner**

While the Insured is alive, you may transfer ownership of this policy by Written Request, subject to any applicable legal restrictions. A change in ownership will cancel any earlier choice of Successor Owner. A change in ownership may subject you to income and gift tax.

**Joint Owners**

Two natural persons may be named as Joint Owners. They will own this policy as joint tenants with rights of survivorship. While both are alive, each must sign any Written Request made under this policy.

DUPLICATE

## OWNERSHIP *(Cont'd)*

**Ownership Succession**  If you die before the Insured, at your death, ownership of this policy will pass to the person(s) living on the date of your death in the order which follows:
1. Surviving Joint Owner, if any;
2. Successor Owner, if any; or
3. Estate of the last Owner to die, if no Joint Owner or Successor Owner is living.

If more than one natural person succeeds to the ownership rights of this policy, then such persons will own this policy as Joint Owners. Any instructions or designations of the prior Owner will continue unless changed in accordance with this policy by the subsequent Owner.

If any subsequent Owner dies at the same time as  the Owner or within 5 days after the death of the Owner, ownership of this policy will pass as if the Owner had survived such subsequent Owner.

## BENEFICIARY

**Change of Beneficiary**  While the Insured is alive, you may change the Beneficiary or any Contingent Beneficiary by Written Request. A Beneficiary named irrevocably must give written consent to any such change.

**Irrevocable Beneficiary**  Any Beneficiary may be named an Irrevocable Beneficiary. The consent of any Irrevocable Beneficiary is needed to exercise any ownership right except the following:
1. Change the frequency of premium payment.
2. Reinstate this policy.

**Payment to Beneficiary**  Before making any payment, we may require evidence as to the identity, age and other facts about any person or class designated as the Beneficiary. We are entitled to make payments based on that evidence.

## PREMIUMS

**Premium Payments**  The Initial Premium is due on the Effective Date and must be paid while the Insured is alive and before any insurance coverage becomes effective.

All premium payments:
1. Must be paid on or before their due date.
2. Must be made at our Home Office or any administrative office that we maintain.
3. Must be in the currency of the United States of America.
4. May be made by currently dated check or money order made payable to USAA Life Insurance Company or any other method we accept.

We will issue a receipt upon request.

If the check or other instrument provided for payment of the Initial Premium is not honored, this policy will be deemed void from the beginning. A check or other instrument provided for payment of any premium, which is not honored, will not be considered a payment.

DUPLICATE

## PREMIUMS *(Cont'd)*

**Frequency of Premium Payments**

Premiums may be paid at annual, semi-annual, quarterly, monthly intervals or any other frequency we approve. The charge for different premium payment intervals is shown on the **POLICY INFORMATION** page. We must consent to any change that results in a premium of less than $25.

**Adjustment of Premiums**

For each premium due date after the Premium Guarantee Period, we reserve the right to change the Total Annual Premium shown in the SCHEDULE OF CURRENT PREMIUMS. It may be more or less than that shown, but the Total Annual Premium will never be more than the Total Annual Premium shown in the SCHEDULE OF GUARANTEED PREMIUMS. Before any change, we will send to you at your last known address written notice of the new premium due. The change will be effective on the premium due date immediately following the date of the notice. We will not adjust the current premiums more than once in a policy year.

Any change in premium will be made on the same basis for all policies issued on the same plan, amount of insurance and class of risk. Class of risk may be based on age, issue age, sex, issue year, underwriting criteria or marketing method. No change in Premium Class or premium will occur because the Insured's health has worsened or occupation has changed. Each change will be based on our expectations as to future mortality, investment earnings, expense, and persistency experience.

**Grace Period**

We will allow a 31-day grace period after the premium due date to pay each premium after the Initial Premium. The policy remains in effect during any grace period, unless terminated under another policy provision. If a premium is not paid by the end of the grace period, the policy will terminate as of the premium due date. As used here, "premium" means the premium actually billed in the premium notice. If the Insured dies during a grace period, we will deduct the unpaid premium from the death benefit.

## REINSTATEMENT

**Reinstatement Requirements**

If this policy terminates as provided in the **Grace Period** provision, it may be reinstated within 3 years from the due date of the first unpaid premium. "Reinstatement" means to put this policy's coverage back into effect.

We will require for each life insured under this policy and any attached rider:

1. Written application for reinstatement,
2. Evidence satisfactory to us that each Insured is insurable at the Premium Class shown on the **POLICY INFORMATION** page at the time of the application for reinstatement, and
3. Payment of all unpaid premiums with interest from their due dates at 6% compounded annually.

DUPLICATE

## REINSTATEMENT *(Cont'd)*

**Effective Date of Reinstatement**

The effective date of reinstatement will be the later of:
1. The date we approve the application for reinstatement or
2. The date we receive any required payment.

When the reinstatement becomes effective, we will mail to you at your last known address:
1. A copy of the reinstatement application showing the effective date of reinstatement and
2. A copy of any supplemental application that may have been required as evidence of insurability.

## CONVERSION

**New Policy**

After the first policy anniversary and subject to the requirements stated below, while this policy is in effect and before the Conversion Option Expiration Date, you may exchange this policy for a new policy on the life of the Insured.

We will require:
1. Your written application for exchange.
2. That the Insured be alive on the date of that application.
3. Written consent for exchange from any assignee and any Irrevocable Beneficiary.
4. Payment of any required premium.

Any new policy:
1. May not be term insurance.
2. May not insure more than one life.
3. Must be on a plan being offered by us for this purpose on the date of exchange.
4. Will have the same restrictions as this policy and any attached riders.
5. Will be issued and effective as of the date of the written application for exchange.

The amount of insurance for any new policy will not be:
1. Less than the minimum required for the plan selected. (At least one plan will always be available for exchange.)
2. More than the Face Amount in effect on this policy at the date of exchange.

The premium rate on any new policy will be based on:
1. The Insured's class of risk for this policy.
2. The Insured's age on the new effective date.
3. Our premium rates in effect on the new effective date.

If requested and subject to evidence of insurability satisfactory to us, the new policy will include any rider(s) available under that new policy.

In no case will the new policy include a rider that provides benefits for disability if:
1. The Insured is disabled on the date of written application for exchange.
2. The Insured's age on the new effective date is more than the maximum issue age allowed under the applicable rider.

You may convert this policy if the premium is being waived under a rider to the policy. However, you must pay the premiums for the new policy after the conversion.

DUPLICATE

## CONVERSION *(Cont'd)*

**Conversion Credit**

If you convert this policy before the Conversion Credit Expiration Date, we will provide a credit to the first year's premium for the new policy. The Conversion Credit is shown on the **POLICY INFORMATION** page. The crediting rule will be the same for all policy owners converting at that time.

**Suicide and Incontestability**

Any new policy's provisions for suicide and incontestability will have the same effective date as those provisions have in this policy. However, if the new policy contains any new benefits provided by rider, any provisions for suicide and incontestability in such new rider will start on that rider's effective date.

## DEATH BENEFIT

**Death Benefit**

While this policy is in effect, we will pay the death benefit to the Beneficiary if the Insured dies before the Expiration Date.

**Payment of Death Benefit**

Payment of the death benefit will be made at our Home Office.

We will require:
1. That death occur while this policy is in effect and before the Expiration Date,
2. Proof of the Insured's death on a form we accept, and
3. A Written Request for the death benefit.

The death benefit to be paid at the Insured's death will be:
1. The Face Amount in effect on the date of death; plus
2. Any additional benefit provided by rider; plus
3. The portion of any premium paid beyond the Insured's month of death, unless the premium was waived; less
4. The unpaid premium from its due date to the end of the grace period if death occurs within the grace period.

Subject to any assignment, any death benefit due will be paid to the next person living on the date of death in the order that follows:
1. The Beneficiary.
2. Any Contingent Beneficiary.
3. The Owner, or the Owner's estate if the Owner is no longer living.

Unless otherwise provided, if any person entitled to receive a death benefit dies at the same time as the Insured or within 5 days after the death of the Insured, the death benefit will be paid as if the Insured had survived such person.

**Interest Paid on Death Benefit**

We will pay interest on the death benefit as required by state law.

**Suicide Exclusion**

If the Insured dies by suicide, while sane or insane, within 2 years from the Effective Date of the policy or from the effective date of the last reinstatement, if any, we will pay a reduced death benefit equal to:
1. The premiums paid for benefits on the Insured's life; less
2. The premiums paid for benefits on any person other than the Insured, unless otherwise provided in any rider attached to this policy.

This policy must be in effect on the date of the Insured's suicide.

This provision does not apply if this policy was issued to a Missouri citizen unless it can be proven that the Insured intended suicide when this policy was applied for.

DUPLICATE

## DEATH BENEFIT *(Cont'd)*

**Minor Beneficiary**

Unless otherwise provided, if any Beneficiary is a minor at the time the death benefit is to be paid, we may make any payment due the minor beneficiary to a parent, or any relative by blood or connection by marriage of the Insured, or to any other person who appears to us to have some responsibility for the minor Beneficiary. We will make any such payment to the person as the custodian for the minor Beneficiary under the Texas Uniform Transfers to Minors Act.

## METHODS OF SETTLEMENT

**Payment of Proceeds**

The death benefit may be paid in a lump sum or under a settlement option. The Payee will be the recipient of the death benefit.

We may issue an annuity contract or a supplemental contract to provide payments under a settlement option. If the Payee elects to receive a lump sum, payment may be made into an interest-bearing checking account established in the name of the Payee. The payee will be able to withdraw all or part of the proceeds in the account at any time.

Payments for a settlement option will:

1. Be made at the Home Office.
2. Be paid by check or draft.

Before making any payment, we may require proof of existence and/or birth date of any Payee or the Insured.

In all cases, or written consent for payment under any option will be required if:

1. Any Payee is a corporation, partnership, association, trustee or assignee.
2. The amount left with us is less than $2,000.
3. Any annuity or interest payment is less than $20.

**Amount of Payment**

The amount of payments received under a settlement option will depend on the:

1. Amount of proceeds payable,
2. Settlement option chosen,
3. Payment frequency chosen and
4. Sex and age last birthday of the person over whose life payments are made if Option 1 or another life contingent annuity option we offer at that time is chosen.

At the time of payment, we will compare the mortality and interest rate factors reflected in the **TABLE OF GUARANTEED MONTHLY PAYMENTS** to the factors reflected in the current rates for any single premium immediate annuities that we may then offer and that the Payee would be eligible to purchase. The payments will be based on whichever factors result in a higher payment.

Any annuity contract sent to the Payee will show the settlement option and amount and frequency of annuity payments, all of which will be fixed as of the date the annuity contract is issued.

DUPLICATE

## METHODS OF SETTLEMENT *(Cont'd)*

**Election of Option**

While the Insured is alive, you may, by Written Request, elect or change a settlement option to take effect at the Insured's death. The Payee may not change the election you make. If no option is in effect at the Insured's death, the Payee may elect one by Written Request. We will make payment under option 2 if no election is made within 60 days of the Insured's death.

An election to receive proceeds under a settlement option cannot be changed after payments start.

After we record any option election or change, it will take effect on the date the request was signed. That election or change will be subject to any payment made or action taken by us before we receive the request and record the change.

Descriptions of the settlement options follow. Additional settlement options may be offered at the time proceeds are payable.

**Option 1**
**Life Income With a**
**Guaranteed Period**

Payments are guaranteed for the number of years chosen, which may not be less than 5 years nor more than 20 years. If the Payee is alive at the end of the guaranteed period, payments will continue for as long as the Payee is alive. A table showing the guaranteed monthly payments under this option follows the descriptions of the settlement options.

If the Payee dies before the end of the guaranteed period, a death benefit, consisting of either the commuted value or the remaining guaranteed annuity payments, as scheduled, will be paid. The commuted value is determined by discounting the remaining guaranteed annuity payments at an annually compounded interest rate that is 1% more than the rate we used to determine those payments. The commuted value will always be less than the sum of the remaining guaranteed annuity payments. The commuted value will be calculated as of the date such payment will be made.

**Option 2**
**Interest**

We will hold the proceeds until withdrawn by the Payee or until we have made payment at the Payee's death.

Interest credited on those proceeds will be paid out as elected. On request, we will hold the interest for up to 10 years without payment. Interest payments may be paid no more frequently than monthly.

The Payee may withdraw all or part of the proceeds at any time. Also, by request, we will stop payments under this option and the remaining proceeds and interest to date will be paid as described under Option 1.

If the Payee dies, any amount not yet paid, plus any accrued but unpaid interest, will be paid in one sum to the Payee's estate.

DUPLICATE

## METHODS OF SETTLEMENT *(Cont'd)*

### TABLE OF GUARANTEED MONTHLY PAYMENTS*
Amount for Each $1,000 Applied

**Option 1. Life Income With a 10-Year Guaranteed Period**

| Age | Male | Female | Age | Male | Female | Age | Male | Female |
|-----|------|--------|-----|------|--------|-----|------|--------|
| 50 | $3.76 | $3.53 | 65 | $5.21 | $4.80 | 80 | $7.70 | $7.42 |
| 51 | $3.83 | $3.59 | 66 | $5.35 | $4.93 | 81 | $7.87 | $7.61 |
| 52 | $3.90 | $3.65 | 67 | $5.50 | $5.07 | 82 | $8.03 | $7.80 |
| 53 | $3.97 | $3.71 | 68 | $5.65 | $5.21 | 83 | $8.18 | $7.99 |
| 54 | $4.05 | $3.78 | 69 | $5.80 | $5.36 | 84 | $8.32 | $8.16 |
| 55 | $4.13 | $3.85 | 70 | $5.96 | $5.51 | 85 | $8.46 | $8.32 |
| 56 | $4.22 | $3.92 | 71 | $6.13 | $5.68 | 86 | $8.58 | $8.47 |
| 57 | $4.31 | $4.00 | 72 | $6.30 | $5.85 | 87 | $8.69 | $8.60 |
| 58 | $4.40 | $4.08 | 73 | $6.47 | $6.03 | 88 | $8.80 | $8.72 |
| 59 | $4.50 | $4.17 | 74 | $6.65 | $6.22 | 89 | $8.89 | $8.83 |
| 60 | $4.61 | $4.26 | 75 | $6.82 | $6.41 | 90 | $8.98 | $8.92 |
| 61 | $4.72 | $4.36 | 76 | $7.00 | $6.61 | | | |
| 62 | $4.83 | $4.46 | 77 | $7.18 | $6.81 | | | |
| 63 | $4.95 | $4.57 | 78 | $7.36 | $7.01 | | | |
| 64 | $5.08 | $4.68 | 79 | $7.53 | $7.21 | | | |

**\* For ages, period and rates not shown, we will furnish the amount of payment on request. The Guaranteed Monthly Payments are based on a 2.5% effective annual interest rate and the 2000 NAIC Individual Annuity Mortality Table.**

DUPLICATE



USAA LIFE INSURANCE COMPANY
San Antonio, Texas

## TERM LIFE INSURANCE RIDER FOR CHILDREN

*This Rider is part of the Policy to which it is attached. This Rider will not increase guaranteed Policy values, if any. Except as stated in this Rider, all other Policy provisions apply.*

**Definitions**   Insured. The person insured under the Policy to which this Rider is attached.

Insured Child.

- Any child, stepchild or legally adopted child of the Insured less than 18 years of age at the time of application and listed on the application for this Rider; or
- Any child of the Insured born alive after the Effective Date of this Rider; or
- Any child less than 18 years of age when legally adopted by the Insured after the Effective Date of this Rider; or
- Any stepchild less than 18 years of age who becomes part of the Insured's household due to the Insured's marriage after the Effective Date of this Rider.

Premium. The Premium for the life insurance Policy, including any Riders attached to the Policy. For universal life insurance policies (known as flexible premium adjustable death benefit life insurance in some states), Premium refers to the Monthly Deduction.

**Benefits**   We will provide level term life insurance on any Insured Child, subject to the terms, conditions and limitations of this Rider. We will pay the following benefits upon due proof that the death occurred while this Rider was in force and coverage applied to the deceased at the time of death.

Death Benefit.

- If any Insured Child is born alive, but dies during the first 13 days of life, we will pay the sum of $ 2,000.
- If any Insured Child dies on the 14th day of life or later, we will pay the Amount of Insurance indicated on the **POLICY INFORMATION** page of the Policy to which this Rider is attached.

Continuing Coverage. Upon the death of the Insured, coverage under this Rider will continue as paid-up level term life insurance on any living Insured Child until the Insured Child's 26th birthday. Paid-up term life insurance may be converted as provided in this Rider.

Any paid-up term life insurance provided will have cash value, and if surrendered, we will pay that cash value. The cash value will be equal to the Net Single Premium for the paid-up insurance as calculated based on the Commissioner's 2017 Standard Ordinary Mortality Table with interest at 4.5% per year, and not less than the present value of the future benefits provided by the Rider.

**USAA LIFE INSURANCE COMPANY** 9800 Fredericksburg Road  San Antonio, Texas 78288



<u>Benefit Recipient</u>. We will pay any benefit due:

- to the Insured, if living; otherwise
- as specified in the application for this Rider (or any change we have on record); or else
- to the estate of the Insured Child.

**Term**

Insurance on any Insured Child will end on the child's 26th birthday.

**Premium**

The premium for this Rider is in addition to the premium for the Policy and is due on the same date. The premium for this Rider is payable until the Termination of the Rider unless the Insured dies prior to that time, in which case no further Premium is due after that date.

<u>Reinstatement</u>. This Rider may be reinstated under the same terms and conditions as the Policy to which it is attached. The Insured and any Insured Child must be living and insurable at the Premium Class shown on the  POLICY INFORMATION  page of the Policy to which this Rider is attached on the date of reinstatement.

<u>Waiver</u>. If the Policy provides for a Waiver of Premium or Waiver of Monthly Deduction benefit, that benefit also will apply to this Rider. Otherwise, no such benefit exists under this Rider.

**General**

<u>Policy Provisions</u>. The terms and conditions of the Policy apply to this Rider, except that where such terms and conditions are inconsistent, the Rider prevails. The Rider in combination with the Policy, the application(s) and attached forms represent the entire contract.

<u>Incontestability</u>. We will not contest this Rider for any reason other than fraud or non-payment of Premium after it has been in force for two years during the lifetime of any Insured Child named in the original application.

<u>Suicide</u>. If the Insured or Insured Child, whether sane or insane, commits suicide within two years of the Effective Date of the Rider and while the Rider is in force, the only benefit payable under this Rider will be an amount equal to the total of all Premium attributable to such insured paid prior to the date of death. If the Insured commits suicide within two years of the Effective Date of the Policy and while the Rider is in force, any Insured Child may apply for conversion at that time and up to 6 months after the Insured's date of death.

<u>Dividends</u>.  This Rider is non-participating and will not share in any profits or surplus earnings.

<u>Values</u>. This Rider has no cash value, surrender value, or loan value except as provided in the Continuing Coverage section.

**Conversion**

The term life insurance provided under this Rider on the life of any Insured Child may be converted without proof of insurability to any form of life insurance that we make available for that purpose at the time of conversion. The amount of insurance under the new policy will be one times the amount of insurance provided for that Insured Child by this Rider, and must be at least the minimum face amount we require for the plan chosen. No individual may exceed combined total insurance of $100,000 under all policies issued by us pursuant to a rider conversion privilege.

You may apply for conversion anytime prior to the Insured Child's 26th birthday, or during the sixty day period immediately before the Insured's 71st birthday, whichever occurs first.


DUPLICATE

The new life insurance policy will be issued in the same risk class as the insurance being converted. The premium charged will be our published rate for the person to be insured as of the date of conversion. No more than the amount of term insurance under this Rider for any Insured Child will be converted without additional proof of insurability, and any additional benefits requested as part of a new policy will be subject to underwriting approval.

For conversion to be effective, we must receive the application and initial premium while the Insured Child is alive and before the insurance under this Rider to be converted has terminated; however, conversion pursuant to the Suicide provision in this Rider will be effective if we receive the application and initial premium while the Insured Child is alive and within 6 months of the Insured s date of death.

**Termination**    Except as provided in the Continuing Coverage section, this Rider will terminate upon the earliest of:

- the Insured's Child's 26th birthday; or
- the Insured's 71st birthday; or
- the expiration of the Grace Period for any unpaid Premium for the Rider of the Policy; or
- the date the Policy is surrendered, converted, continued under a non-forfeiture option, or otherwise terminated.

Effective Date of this Rider if other than effective date of Policy: _____

*Signed for the Company.*

**USAA LIFE INSURANCE COMPANY**



Brandon D. Carter
President





USAA LIFE INSURANCE COMPANY
San Antonio, Texas

# MILITARY FUTURE INSURABILITY RIDER

*This rider is part of the policy to which it is attached.  Except as stated in this rider, all other policy provisions apply.*

| | |
|---|---|
| **Definitions** | <u>Armed Forces</u>.  A branch of the United States military, a United States military academy, the armed forces reserves, the National Guard or the Air National Guard to the extent service or enrollment in any of them makes the Insured eligible for Servicemember's Group Life Insurance or Family Servicemember's Group Life Insurance. |

<u>Child Rider</u>.  A rider that provides term insurance on one or more of the Insured's children.

<u>Face Amount</u>.  The face amount shown on the schedule pages of Your Policy.

<u>Formal Request</u>.  A request formally delivered to Us and received by Us. That request must be executed and delivered in a format reasonably satisfactory to Us or Provided by Us. A Formal Request could be an application or form submitted to Us for review.

<u>FSGLI</u>.  Family Servicemember's Group Life Insurance.

<u>Policy</u>.  The life insurance policy to which this rider is attached.

<u>Punitive Discharge</u>.  Permanent separation from the Armed Forces by court-martial pursuant to a violation of the Uniform Military Code of Justice, including Dishonorable Discharge or Bad-Conduct Discharge.

<u>SGLI</u>.  Servicemember's Group Life Insurance.

**Additional Life Insurance Option**

Subject to the requirements and limitations in the following sections, You may apply for additional life insurance on the life of the Insured and on the lives of Insured Children under a Child Rider, if one is attached to Your Policy.

**Requirements for Exercising the Additional Life Insurance Option**

To receive additional life insurance through this rider, we will require that:

1. We have not issued additional life insurance on the life of the Insured through the same or similar rider attached to another policy from USAA Life Insurance Company or an affiliate.

2. The Insured, if different than the Owner, consents in writing to Your receiving additional life insurance through this rider.

3. The Insured is no longer insured under SGLI or FSGLI because:

   a. The Insured or the Insured's spouse has permanently separated from the Armed Services and the reason for separation is not a Punitive Discharge.

   b. The Insured has lost eligibility for FSGLI due to a divorce from or the death of Your spouse.

4. You send Us a Formal Request for additional life insurance within 240 days after the Insured loses eligibility for FSGLI or SGLI.

5. You include the following items with Your Formal Request:

   a. Evidence satisfactory to Us proving that the Insured was formerly insured under SGLI or FSGLI, the amount of coverage the Insured had under SGLI or FSGLI and the date the Insured lost eligibility for those programs.

**USAA LIFE INSURANCE COMPANY** 9800 Fredericksburg Road  San Antonio, Texas 78288

ICC1497953 03-14



D433972188

98007-0314
LBR350IC

      b.  If the loss of SGLI or FSGLI is due to a permanent separation from the Armed Services, a valid and complete copy of the undeleted Certificate of Release or Discharge from Active Duty (United States Department of Defense, DD Form 214) or equivalent government-issued documentation, a written description of the reason for separating and evidence satisfactory to Us that the permanent separation from the Armed Services was not a Punitive Discharge.

6.  You pay the Premium for the additional life insurance approved by the Company.

7.  You and any Insured Child for which You are requesting additional life insurance are alive on the later of (a) the date of Your Formal Request for additional life insurance, and (b) the date You pay the first Premium for the additional life insurance approved by the Company.

**Plan of Insurance for Additional life Insurance**

Additional life insurance will be issued:

1.  On a plan of insurance or a rider that, on the date we accept Your Formal Request for additional life insurance coverage, We offer for this purpose.

2.  Effective the day we accept Your Formal Request for additional life insurance coverage, which date will be the "New Policy Effective Date."

3.  At the same premium class as the Policy, unless it is not available. If the premium class for the Policy is not available, We will determine the closest equivalent premium class on which to base premiums.

4.  At the Insured's age on the New Policy Effective Date.

5.  Based on premium rates in effect:

      a.  For the plan of insurance or rider We make available for additional life insurance.

      b.  On the New Policy Effective Date.

6.  With the same coverage restrictions and limitations as the Policy.

7.  Without any optional riders, even if included with Your Policy, except as provided in **Optional Riders**.

**Optional Riders**

If You specifically request an optional rider, submit evidence of insurability satisfactory to Us and We consent, then We will include an optional rider with Your additional life insurance. If You are receiving optional rider benefits under the Policy at the time You apply for additional life insurance, the optional rider, and any benefits under it, will not be available on the additional life insurance coverage.

**Amount of Additional Life Insurance**

**Additional Primary Insured Coverage Due to Loss of SGLI or FSGLI.** The maximum amount of additional life insurance available under this rider will be the lesser of:

1.  Two times what Your Policy Face Amount is on the day we receive Your Formal Request for additional life insurance; or

2.  The maximum amount of SGLI or FSGLI under which the Insured was insured the day before the Insured lost eligibility for those programs.

**Additional Child Rider Coverage**. If Your Policy includes a Child Rider at the time we receive Your Formal Request for additional life insurance coverage, then You may increase the amount of Child Rider coverage, subject to the following limitations:

1. The amount of Child Rider insurance already in force under this Policy plus the amount of additional Child Rider insurance to be issued through exercise of this rider cannot exceed $25,000.

2. The amount of insurance for any child under all Child Riders issued by the Company or an affiliate, including any additional Child Rider insurance You request, cannot exceed $50,000.

3. The amount of insurance on an Insured Child under all riders and policies issued by the Company or an affiliate cannot exceed the maximum amount allowed by applicable law.

**Contestability and Suicide Provisions**

Additional life insurance will be issued based on the answers in the application attached to the Policy, which means that we can contest the additional life insurance to the same extent that the Policy is contestable. Optional Riders or coverage for which we require evidence of insurability will be contestable according to the terms of the riders and the policy with which we issue additional life insurance. A new suicide exclusion will apply to the policy with which we issue additional life insurance.

**Nonparticipating**

Dividends are not payable in connection with this rider.

**Rider Termination**

This rider will end at the earliest of the following events:

1. The Policy anniversary following the Insured's 70th birthday.

2. Election or implementation of the Policy's nonforfeiture benefits, if any.

3. Termination of the Policy.

4. Your written request to terminate this rider.

5. The effective date of any additional life insurance issued as a result of this rider.

Effective Date of this Rider if other than the effective date of the policy: _____

*Signed for the Company.*

**USAA LIFE INSURANCE COMPANY**



Brandon D. Carter
President

DUPLICATE



# TERM LIFE EVENT OPTION RIDER

*This rider is part of the policy to which it is attached. Except as stated in this rider, all other policy provisions apply.*

## DEFINITIONS

<u>Base Policy.</u>   The life insurance policy to which this rider is attached.

<u>Formal Request.</u>   A request formally delivered to Us and received by Us. That request must be executed and delivered in a format reasonably satisfactory to Us or Provided by Us. A Formal Request could be a form submitted to Us for review.

<u>Initial Benefit Period.</u>   The period during which premiums on a policy are guaranteed to remain level.

<u>Life Events.</u>   A Life Event occurs when the Insured:

1.  Gets married,

2.  Becomes a parent of a child through birth or adoption, or

3.  Purchases a home.

<u>Life Events Option Date.</u>   The date a Life Event occurs.

<u>New Policy.</u>   A policy We issue to You in connection with Your request for additional life insurance based on a Life Event.

<u>New Policy Effective Date.</u>   The date additional coverage starts as shown in the New Policy. It will generally be the date on which We have received Your request for a New Policy and Your first premium payment.

<u>Owner.</u>   The owner of the Base Policy. The Owner and Insured may be different persons. In this Rider, the Owner may be referred to as "You" or "Your."

<u>Rider Effective Date.</u>   This rider is effective the same date as the Base Policy.

<u>Rider Period.</u>   Begins on the Rider Effective Date and ends the earlier of (a) 10 years from the Rider Effective Date, or (b) when the Rider Terminates.

<u>We, Our, Us, Company.</u>   USAA Life Insurance Company.

**USAA LIFE INSURANCE COMPANY** 9800 Fredericksburg Road  San Antonio, TX 78288

DUPLICATE

**Additional Life Insurance Option**

During the Rider Period and upon the occurrence of a Life Event, You have a one-time option to purchase a New Policy providing additional life insurance on the life of the Insured. This option is subject to the requirements and limitations of this rider.

**Requirements for Exercising the Additional Life Insurance Option**

To receive a New Policy through this rider, We will require that:

1. During the Rider Period, You send Us a Formal Request for a New Policy on or within 240 days after a Life Event Option Date.

2. You include with Your Formal Request evidence satisfactory to Us that a Life Event has occurred. Additional evidence of insurability is not required.

3. We have not issued any policy on the life of the Insured through the same or similar rider attached to the Base Policy or to another policy from USAA Life Insurance Company or an affiliate.

4. The Insured, if different than the Owner, consents to Your receiving a New Policy through this rider.

5. You pay the premium for the New Policy approved by the Company.

6. The Insured is alive on the later of (a) the date of Your Formal Request for a New Policy, and (b) the date You pay the first premium for the New Policy approved by the Company.

**Plan of Insurance for Additional Life Insurance**

The New Policy will be issued:

1. Effective on the New Policy Effective Date and on a plan of insurance that We make available for this purpose.

2. With a face amount equal to the lesser of $100,000 or the face amount of the Base Policy.

3. With an Initial Benefit Period equal to the remaining Initial Benefit Period on the Base Policy, as of the New Policy Effective Date, rounded up to the nearest available Initial Benefit Period.

4. At the same premium class as the Base Policy, unless it is not available. If it is not available, then We will determine the closest equivalent premium class on which to base premiums.

5. Based on premium rates We have in effect, for the plan of insurance underlying the New Policy, on the New Policy Effective Date.

6. At the Insured's age on the New Policy Effective Date.

7. With the same coverage restrictions and limitations as the Base Policy.

8. Without any optional riders, even if included with the Base Policy, except as provided in **Optional Riders**.

**Optional Riders**

We will not include optional riders with Your New Policy unless You specifically request an optional rider, submit evidence of insurability satisfactory to Us and We consent. If You are receiving optional rider benefits under the

DUPLICATE

Base Policy at the time You apply for additional life insurance coverage, the optional rider, and any benefits under it, will not be available on the New Policy.

**Incontestability and Suicide Exclusion Provisions**

Additional life insurance will be issued based on the answers in the application attached to the Base Policy or in an application to reinstate the Base Policy. We can contest the additional life insurance to the same extent that the Base Policy is contestable. Optional Riders or coverage for which We require evidence of insurability will be contestable according to the terms of the riders and the New Policy. The two year suicide exclusion period for the New Policy will be measured from the effective date of the Base Policy.

**Nonparticipating**

Dividends are not payable in connection with this rider.

**Nonforfeiture Values**

This rider has no cash values or loan values.

**Rider Termination**

This rider will end at the earliest of the following:

1. 10 years from the Rider Effective Date.

2. The Policy anniversary following the Insured's 45th birthday.

3. Termination of the Base Policy.

4. Your written request to terminate this rider.

5. The effective date of a New Policy issued to You as a result of this rider.

**Reinstatement**

To the extent the Base Policy terminates and is reinstated, this rider will also be reinstated, unless:

1. The rider terminated before the Base Policy, or

2. The rider would have terminated on or before the date of reinstatement for a reason other than the termination of the Base Policy.

*Signed for the Company.*

**USAA LIFE INSURANCE COMPANY**

Brandon D. Carter
President



# ACCELERATED BENEFIT FOR TERMINAL ILLNESS RIDER

*This rider is part of the policy to which it is attached.  This rider will not increase guaranteed policy values, if any. Except as stated in this rider, all other policy provisions apply.*

**Notice**

**DEATH BENEFITS AND ANY AVAILABLE LOAN VALUES WILL BE REDUCED IF AN ACCELERATED BENEFIT IS PAID.**  The Accelerated Benefit provided by this rider may or may not qualify for favorable tax treatment under the United States Internal Revenue Code. Whether the Accelerated Benefit qualifies depends on factors such as your life expectancy at the time you request the benefit.  If the Accelerated Benefit qualifies for favorable tax treatment, the benefit will be excludable from your income and not subject to federal income taxation. Tax laws relating to these benefits are complex.  We advise you to consult with a qualified tax advisor about the circumstances under which you could receive the Accelerated Benefit excludable from income under federal law before requesting benefits under this rider.

**Definitions**

<u>Premium</u>.  The premium for the life insurance policy, including any riders attached to the policy. For universal life insurance policies (known as flexible premium adjustable death benefit life insurance in some states), Premium refers to the Monthly Deduction.

<u>Terminal Illness</u>.  An illness or physical condition which is reasonably expected to result in the Insured's death within 12 months or less after the Owner's request for payment of an Accelerated Benefit under this rider.

**Accelerated Benefit**

You may request that the Company make an accelerated benefit payment if the Insured has a Terminal Illness prior to the Maturity Date of the policy, subject to the conditions stated in this rider.  You are responsible for any and all tax consequences which may result from the payment of the Accelerated Benefit.

The maximum Accelerated Benefit that will be paid is the lesser of

1.   One half of the current Death Benefit of the policy, excluding any additional benefits provided by rider; or

2.   $250,000.

You may elect to receive the Accelerated Benefit in a lump sum or under a settlement option.

**Conditions**

The Company will pay an Accelerated Benefit subject to these conditions:

1.   The policy and this rider must be in force when you request the Accelerated Benefit.

2.   You must request payment of the Accelerated Benefit in writing prior to the Maturity Date and the written request must be received at our Home Office.

3.   You must provide proof satisfactory to the Company that the Insured has a Terminal Illness.

4.   Any irrevocable beneficiary and any assignee of record must agree in writing to the payment of the Accelerated Benefit.

5.   The Accelerated Benefit will be used first to repay any outstanding policy loans and unpaid accrued loan interest.

If any of the above conditions are  not met, we will not pay the Accelerated Benefit.

**Proof of Terminal Illness**

We will require you to provide proof satisfactory to the Company of the Insured's Terminal Illness from a licensed physician who is not the Owner, Insured, or a member of either's family. This proof must describe the Insured's illness or physical condition and certify that it is a Terminal Illness as defined in this rider.

We reserve the right to obtain additional medical diagnoses or documentation to establish eligibility for the Accelerated Benefit.  This may include an additional written medical opinion. Such additional diagnoses are at the expense of the Company and any conflicting diagnoses will be reconciled by the Company's Medical Director, who will make a determination of Terminal Illness from all information provided.

**USAA LIFE INSURANCE COMPANY** 9800 Fredericksburg Road  San Antonio, Texas 78288

 

**Effect of the Accelerated Benefit on the Policy**

The Accelerated Benefit payment will be treated as a lien against the policy.  Any Death Benefit which becomes payable will be reduced by the amount of this lien and the amount of any policy loans and accrued interest.  Upon payment of any remaining Death Benefit, all our obligations under the policy will terminate.

We will send you a statement describing the Accelerated Benefit paid and the effects it may have on the policy.  Any periodic statements and policy endorsements will reflect the amount of the reduction in values and benefits.  Your access to any remaining policy values through loans, withdrawals, or surrenders in accordance with the terms of the policy, will be limited to any excess of the policy values over the sum of the lien arising from payment of the Accelerated Benefit and any other outstanding policy loans plus accrued interest.

There is no charge for this rider. However, you must continue to pay all required Premiums after payment of an Accelerated Benefit.  If a Premium is not paid when due, we will pay the Premium on behalf of the Owner and add that amount to the lien resulting from the Accelerated Benefit payment to be deducted from the Death Benefit.  If the amount of the Accelerated Benefit and unpaid Premiums ever exceeds the Death Benefit, then the policy will terminate and no additional benefits will be payable.

**Interest**

We will charge interest on the amount of the Accelerated Benefit paid and on any Premium paid by the Company.  Interest will accrue daily until the Insured's death.  If the policy provides for loans, the interest rate will be the policy loan interest rate stated in the policy.

If the policy does not provide for loans, the interest rate will  be the published monthly average of Moody's Corporate Bond Yield, as published by Moody's Investor Service Inc., for the calendar month ending two months before the date on which we pay the Accelerated Benefit. The interest rate will not be greater than the maximum rate permitted by the laws of the state where the policy was issued.  If the Moody's Corporate Bond Yield Average is discontinued, we may substitute another method of determining the interest rate that is permitted by the laws of the state where the policy was issued.

**General Provisions**

This rider provides for the early, partial payment of the Death Benefit.  It is not meant to cause the Owner to involuntarily access proceeds intended for payment to the beneficiary.  Therefore, the Owner is not eligible to receive an Accelerated Benefit if:

1.  The Owner is required by law to use this benefit to meet the claims of creditors, whether in bankruptcy or otherwise; or

2.  The Owner is required by a government agency to use this benefit in order to apply for, obtain, or otherwise keep a government benefit or entitlement.

**Nonparticipating**

Dividends are not payable in connection with this rider.

**Rider Termination**

This rider will end at the earliest of the following events:
1.  The policy terminates.
2.  Election or implementation of any of the policy's nonforfeiture benefits.
3.  Your written request to terminate this rider.

Effective Date of this Rider if other than the effective date of the policy: _____ .

*Signed for the Company.*

## USAA LIFE INSURANCE COMPANY

*Brandon D. Carter*
Brandon D. Carter
President

**USAA LIFE INSURANCE COMPANY** 9800 Fredericksburg Road  San Antonio, Texas 78288

DUPLICATE

D433972188

47304-0608
LBR400ST



9800 Fredericksburg Road
San Antonio, Texas 78288

# Term Life Insurance Application
1344

**Step 1.** Verify and complete the following information. Make changes to incorrect information directly on this application. Initial each change.

**Step 2.** Return completed and signed application to USAA Life.

**IMPORTANT INFORMATION.** Federal law requires us to obtain, verify and record your name, address, date of birth and other information that will allow us to identify you when you open an account and in certain other circumstances.

## Personal Information

### A. Insured

| 036580118 | REDACTED | |
|---|---|---|
| USAA Number | Social Security Number | Date of Birth (mm/dd/yyyy) |

| LETECIA L STAUCH | |
|---|---|
| Name | |

| PO BOX 50991 | MYRTLE BEACH SC 29579-0017 |
|---|---|
| Mailing Address | |

| 4697 FARM LAKE DR | MYRTLE BEACH, SC 29579-3471 |
|---|---|
| Physical/Residence Address | |

| (843) 655-7460 | tecialynn2006@gmail.com |
|---|---|
| Residence Phone Number  (include area code) | E-mail Address |

| | $ 50,000 |
|---|---|
| Occupation | Annual Income |

| Branch of Service | Rank | Military Status |
|---|---|---|
| [X] Female ☐ Male   **NC** | REDACTED | **SC** |
| Gender | State of Birth | Driver's License Number | State of Issue |

Are you a U.S. citizen? [X] Yes ☐ No

What is your total amount of life insurance protection, current and pending, excluding this application? **0**

Is this application for insurance intended to replace, discontinue or change any life insurance or annuities?
☐ Yes [X] No  If yes, list details. (Attach an additional sheet of paper if more space is needed.)

| | ☐ Annuity ☐ Life Insurance | $ | |
|---|---|---|---|
| Company Name | | Amount | Policy/ Contract Number |

| | ☐ Annuity ☐ Life Insurance | $ | |
|---|---|---|---|
| Company Name | | Amount | Policy/ Contract Number |

### B. Owner

| 036580118 | REDACTED | |
|---|---|---|
| USAA Number | Social Security Number (or Tax ID Number) | Date of Birth (mm/dd/yyyy) (If trust, provide date of inception.) |

| LETECIA L STAUCH | SAME |
|---|---|
| Name (If trust, provide name of trust and trustee.) | Relationship to Insured |

| PO BOX 50991 | MYRTLE BEACH SC 29579-0017 |
|---|---|
| Mailing Address | |

| 4697 FARM LAKE DR | MYRTLE BEACH, SC 29579-3471 |
|---|---|
| Physical/Residence Address | |

| (843) 655-7460 | tecialynn2006@gmail.com |
|---|---|
| Residence Phone Number  (include area code) | E-mail Address |

Are you a U.S. citizen? [X] Yes ☐ No

**USAA Life Insurance Company** ▪ (888) 275-5330  ▪ Fax (877) 435-7099 ▪ usaa.com

DUPLICATE

## C. Payor

036580118

REDACTED

USAA Number | Social Security Number (or Tax ID Number) | Date of Birth (mm/dd/yyyy) (If trust, provide date of inception.)

LETECIA L STAUCH

Name (If trust, provide name of trust and trustee.)

PO BOX 50991     MYRTLE BEACH SC 29579-0017

Mailing Address

4697 FARM LAKE DR     MYRTLE BEACH, SC 29579-3471

Physical/Residence Address

(843) 655-7460     tecialynn2006@gmail.com

Residence Phone Number   (include area code)     E-mail Address

Are you a U.S. citizen? ☒ Yes ☐ No

## Product and Optional Coverages

### A. Product

30 YEAR LEVEL TERM SERIES V     $ **250,000**

Insurance Product Name     Insurance Amount

### B. Optional Coverage

☐ Disability Waiver of Premium (age 55 or younger)    ☐ Accidental Death Benefit (ADB) (age 60 or younger)   $ NO LONGER OFFERED

    Amount

### C. Child Protection Plan $ 25,000
(age 17 or younger)     Amount of Child Rider Insurance

HARLEY HUNT

REDACTED

Child's Name     Social Security Number     Date of Birth (mm/dd/yyyy)

What is this child's total amount of life insurance protection, current and pending, excluding this application? $ 0

Is this application for insurance intended to replace, discontinue or change any life insurance or annuities? ☐ Yes ☒ No  If yes, list details. (Attach an additional sheet of paper if more space is needed.)

☐ Annuity
☐ Life Insurance   $

Company Name     Amount     Policy/ Contract Number

LAINA ELIZIBETH STAUCH

REDACTED

Child's Name     Social Security Number     Date of Birth (mm/dd/yyyy)

What is this child's total amount of life insurance protection, current and pending, excluding this application? $ 0

Is this application for insurance intended to replace, discontinue or change any life insurance or annuities? ☐ Yes ☒ No  If yes, list details. (Attach an additional sheet of paper if more space is needed.)

☐ Annuity
☐ Life Insurance   $

Company Name     Amount     Policy/ Contract Number

Attach an additional sheet of paper if more than two children.

## Beneficiary Information

**Beneficiaries on Separate Page**                     /    /

| Primary Beneficiary Name (If trust, provide name of trust.) | Social Security Number (or Tax ID Number) | Date of Birth (mm/dd/yyyy) (If trust, provide date of inception.) | Relationship to Insured |
|---|---|---|---|

/    /

| Contingent Beneficiary Name (If trust, provide name of trust.) | Social Security Number (or Tax ID Number) | Date of Birth (mm/dd/yyyy) (If trust, provide date of inception.) | Relationship to Insured |
|---|---|---|---|

Attach an additional sheet of paper if more space is needed.

## Payment Information

### A. Method

[X] Automatic Payment Plan (APP): $ 30.06
(For APP, complete section C. Financial Information)

[ ] Direct Billing: $ _____

[ ] Monthly Government Allotment : $_____

### B. Frequency of Payment

[X] Monthly (not available with Direct Billing)   [ ] Quarterly   [ ] Semi-Annually   [ ] Annually

### C. Financial Information (Complete only if APP is selected.)

I authorize USAA Life Insurance Company to make electronic withdrawals and deposits to my account listed below until I notify USAA Life that I terminate authorization and USAA Life has reasonable time to act. I acknowledge that the origination of Automated Clearing House (ACH) transactions to my account must comply with U.S. law.

Specify a day between the 1st and 28th of the month for payment.  __5__
                                                                  Day

|  |  | [X] Checking |
|---|---|---|
|  |  | [ ] Savings |
| **USAA FEDERAL SAVINGS BANK** |  |  |
| Name of Financial Institution | Name(s) of Account Holder | Type of Account |

314074269                                              REDACTED

Transit Routing Number (the nine-digit number in the lower-left corner of check or deposit slip)   Account Number

x
**Signature of Account Holder**                              Date (mm/dd/yyyy)

## Additional Information

Provide any additional information or details you want considered below.

_____

_____

_____

_____

## Read and Sign

**Effective Date of Coverage:** I agree that, except as provided in the company's Temporary Insurance Agreement, no insurance coverage will take effect prior to delivery of the policy to the Owner and then only if all of the following conditions have been met:

(1)  the health and insurability of each person is as stated in this application and in additional parts (if applicable), and the company is immediately notified in writing of any changes; and

(2)  the company has received the first full premium payment while each person is alive.

If the above conditions have been met, coverage under the policy will be effective on the date the policy is delivered to the Owner; provided however, that if a later effective date has been requested, coverage under the policy will be effective on that later date. I understand that any insurance coverage issued will be subject to the suicide and incontestability provisions of the policy. These provisions begin on the effective date.

## Insurance Fraud Warning

**Arkansas, Louisiana, New Mexico, Ohio, Rhode Island, West Virginia:**

Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

**Colorado:**

It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado division of insurance within the department of regulatory agencies.

**District of Columbia, Maine, Tennessee, Washington:**

It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines or a denial of insurance benefits.

**Florida:**

Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree.

**Kentucky, Pennsylvania:**

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

**New Jersey:**

Any person who includes any false or misleading information on an application for an insurance policy is subject to criminal and civil penalties.

**Oklahoma:**

Any person who knowingly, and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony.

**Authorization:** I understand the information obtained by use of this Authorization will be used by USAA Life to determine my eligibility for life insurance. I understand that information released pursuant to this Authorization may no longer be protected by federal privacy regulations and could be subject to redisclosure. I understand that although this authorization is voluntary, USAA Life reserves the right to decline to issue the insurance applied for if I refuse to grant this authorization.

I authorize the following persons and organizations to provide information to USAA Life Insurance Company ("USAA Life"): (a) any licensed physician; (b) any medical practitioner; (c) any hospital; (d) any insurance company; (e) any clinic, Veteran's Administration clinic, or medically-related facility; (f) Medical Information Bureau (MIB); (g) any psychiatrist or psychologist; (h) any health facility; (i) any consumer reporting agency.

For purposes of this Authorization, "information" means any records or knowledge concerning any insured's health or mental condition, general character and driving record.

This includes the release of the entire medical record of any Insured including all information about AIDS, HIV, drugs, alcoholism, or mental illness. This Authorization overrides any existing agreement to restrict information pursuant to 45 CFR 164.522.

I further authorize a consumer reporting agency to make an investigative report on me if it is requested by USAA Life and expect to be interviewed if a report is prepared.

I authorize the above listed sources to provide records or knowledge to any agency employed by USAA Life to collect and transmit such information. A reproduction of this Authorization shall be as valid as the original. I agree this Authorization shall be valid for twenty-four (24) months from the date signed, and upon request I or my authorized representative can receive a copy of this Authorization. I understand that I may revoke this Authorization by sending a written request to USAA Life. A revocation does not affect any action taken by USAA Life in reliance on the authorization prior to the revocation, nor does it have any effect on any right of contestability under the policy.

**I have read and understand this authorization. I have received, read and understand the enclosed Notice of Privacy and Disclosure Practices.**

**Acknowledgment:** I have read the questions and answers in this application. I represent that all statements and answers provided in this application and as part of the application process are true, complete and correctly recorded and will be relied upon by USAA Life Insurance Company to form the basis of any policy which may be issued. I agree that a copy of this application, if approved, will be a part of any policy issued. I understand I may not receive an illustration under the policy is issued.

LETECIA L STAUCH

Printed Name of Insured

**This electronic signature fully complies with the Federal Electronic Signature statute, Title 15, U.S.C., Chap. 96, Sec. 7001, et. seq., and is therefore fully legal and valid as an original signature.**

X  `e-Signed /s/ LETECIA L STAUCH #036580118 04/05/2017 11:17`

Signature of Insured                    Date (mm/dd/yyyy)     City      State

X

Signature of Owner  (if different than Insured)     Date (mm/dd/yyyy)

X

Signature of Custodial Parent of Child  (if Child Protection Plan selected)     Date (mm/dd/yyyy)

LAP50570ST  06-05     04/05/2017     DUPLICATE     D433972188     50570-0115  LAP140ST

**Return This Sheet With Application**

**Child Protection Plan:**
GANNON J STAUCH;; REDACTED $0;
**Child Protection Plan Insurance Replacement:**
;;;
**Beneficiary Information:**
HARLEY HUNT;; REDACTED PRIMARY;Child;; REDACTED ;75%
EUGENE STAUCH;; REDACTED PRIMARY;Spouse;; REDACTED 25%

DUPLICATE        D433972188

**Return This Sheet With Application**

DUPLICATE                    D433972188


USAA®

## EXAMINER'S REPORT

**LETECIA L STAUCH**
**Name of Proposed Insured**

036580118
**USAA Number**

D433972188
**Contract Number**

THIS FORM MUST BE COMPLETED AND SIGNED BY THE EXAMINER AND RETURNED TO USAA LIFE INSURANCE COMPANY.

### INSTRUCTIONS TO EXAMINER

1. Have applicant provide or verify answers to all questions in the Personal Profile and Medical Questions Section, sign and date form in your presence.
2. Complete Examiner's Report.
3. USAA LIFE INSURANCE COMPANY **will not reimburse the cost of lab tests not specifically requested by USAA LIFE INSURANCE COMPANY.**
4. **If this examination is performed by a party not currently under contract with us, contact us to discuss negotiated reimbursement.**
5. Only disinterested parties may complete the examination. Exams may not be completed by blood relatives, business associates of the same clinic, or any person with beneficiary or ownership rights to the Life Insurance proceeds.

DUPLICATE

**Personal Profile** (This section must be completed to acquire life insurance.)

Complete this section for all Insured individuals, including any person to be covered by the Child Protection Plan.

| | Insured | Insured Children (If Child Protection Plan is selected) |
|---|---|---|
| 1.  Have you ever used any form of tobacco or nicotine substitute? | ☐Yes ☒No | Not Applicable |

Form of Tobacco or Nicotine Substitute     Date of Last Use    How Often Used

| 2.  Has any Insured flown as a pilot, crew member or student pilot in the past two years or does any Insured plan to do so in the next year? | ☐Yes ☒No | ☐Yes ☐No |
|---|---|---|

| DESCRIPTION | TYPE(S) OF AIRCRAFT | HOURS FLOWN | | |
|---|---|---|---|---|
| | | NEXT 12 MOS | LAST 12 MOS | 13-24 MOS AGO |
| MILITARY | | | | |
| COMMERCIAL | | | | |
| CIVILIAN/PLEASURE | | | | |

TOTAL PILOT-IN-COMMAND HOURS: _____ MILITARY _____ CIVILIAN/PLEASURE

| 3.  Has any Insured participated in any of the following activities in the past three years or does any Insured plan to do so in the next year? | | Insured | Insured Children |
|---|---|---|---|
| | Automobile Racing | ☐Yes ☒No | ☐Yes ☒No |
| | Ballooning | ☐Yes ☒No | ☐Yes ☒No |
| | Hang-Gliding | ☐Yes ☒No | ☐Yes ☒No |
| | Motorcycle Racing | ☐Yes ☒No | ☐Yes ☒No |
| | Powerboat Racing | ☐Yes ☒No | ☐Yes ☒No |
| | Rock/Mountain Climbing | ☐Yes ☒No | ☐Yes ☒No |
| | Scuba Diving | ☐Yes ☒No | ☐Yes ☒No |
| | Skydiving/Parachuting | ☐Yes ☒No | ☐Yes ☒No |
| | Ultralight Flying | ☐Yes ☒No | ☐Yes ☒No |

Activity          Last Activity Date     Frequency   Details (speeds attained, depths/heights reached, etc.)

| 4.  Does any Insured plan to travel to or reside in a foreign country within the next 12 months? | ☐Yes ☒No | ☐Yes ☐No |
|---|---|---|

Country's Name                     Purpose of Visit                    Length of Stay

| 5.  Has any Insured ever been convicted of Driving While Intoxicated or Driving Under the Influence or ever had a driver's license suspended or revoked or had any moving violations within the last three years? | ☐Yes ☒No | ☐Yes ☐No |
|---|---|---|

Violation Type               Date                Details (speeds, length of suspension/revocation, etc.)

Attach an additional sheet of paper if more space is needed.

MUF50593ST 06-05        **LETECIA L STAUCH**             036580118              50593-0605_DS
                                                                               MUF708ST

DUPLICATE

**Medical Information** (This section must be completed to acquire life insurance.)



MUF50593ST 06-05          **LETECIA L STAUCH**                          **036580118**                          50593-0605_DS
MUF708ST

DUPLICATE

**MEDICAL DETAILS**

Identify the question, name of Insured, date of visit, reason for visit, name and address or phone number of physician, type of treatment, and any medication prescribed. (ATTACH A SEPARATE SHEET IF MORE SPACE IS REQUIRED.)



I have read the above statements and answers and represent that they are true and complete and correctly recorded. I agree that such statements and answers shall be part of the application and are made with the expectation that USAA LIFE INSURANCE COMPANY will consider the information when determining whether to issue the policy or contract for which I have applied.

Dated at _____ on _____ _____ , _____.
          (City)      (State)        (Month)    (Day)     (Year)

e-Signed /s/ LETECIA L STAUCH #036580118 04/05/2017 11:17    Witness: _____
Signature of Proposed Insured                                Signature of Medical Examiner

_____
Signature of Custodial Parent of Child (if Child Protection Plan selected)

Page 4 of 5

MUF50593ST 06-05    **LETECIA L STAUCH**    036580118    50593-0605_DS
                                                          MUF708ST

DUPLICATE

## MEDICAL EXAMINER'S REPORT
This examination should be made in private.    If 3rd person present, give details.

| | | Details of "Yes" answers. (Identify item.) |
|---|---|---|
| Name | USAA # | |
| D.O.B.    Mo.    Day    Yr. | Contract # | |

Identification: ☐ Driver's License   ☐ Other _____

| 1. | HEIGHT (IN SHOES) | WEIGHT (CLOTHED) | ABDOMEN AT UMBILICUS RELAXED |
|---|---|---|---|
| | FT.    IN. | LBS. | IN. |

Did you weigh? ☐ Yes   ☐ No          Did you measure? ☐ Yes   ☐ No

Weight change in past year? _____ lbs.   ☐ Gain   ☐ Loss

| 2. Blood Pressure (Record all readings) | INITIAL READING | FOLLOW UP READING IF NEEDED | If initial BP Reading exceeds 129 Systolic, or 79 Diastolic. Complete 1 Additional BP Reading. |
|---|---|---|---|
| Systolic | | | |
| Diastolic | | | |

3. Resting Pulse:
   Rate
   Irregularities Per Min.

4. Heart:
   a. Are there physical findings of cyanosis, dyspnea, edema, arteriosclerosis,
      peripheral vascular or other cardiovascular disorder?          ☐ Yes      ☐ No
   b. Is murmur present? ☐ Yes   ☐ No      (If yes, complete 4c)
   c. Murmur is:
      ☐ Systolic      ☐ Apical      ☐ Soft (Gr. 1-2)
      ☐ Constant      ☐ Transmitted      ☐ Presystolic      ☐ Basal      ☐ Mod. (Gr. 3-4)
      ☐ Inconstant      ☐ Localized      ☐ Diastolic      ☐ Sternal      ☐ Loud (Gr. 5-6)
      After exercise:      ☐ Unchanged      ☐ Increased      ☐ Other
      ☐ Decreased      ☐ Absent

      Show Location Of:

      Apex by
      Area of murmur by
      Point of greatest intensity by
      Transmission by

      Your impression?

5. Is there on examination any abnormality of the following:
   (Check applicable items and give details.)                          YES      NO
   a. Eyes, ears, nose, mouth, pharynx? ....................................  ☐      ☐
      (If vision or hearing markedly impaired, indicate degree and
      correction.)
   b. Skin (incl. scars); lymph nodes; blood vessels? ...........................  ☐      ☐
   c. Nervous system (include reflexes, gait)? ........................................  ☐      ☐
   d. Respiratory system? ........................................................................  ☐      ☐
   e. Abdomen? ........................................................................................  ☐      ☐
   f. Genitourinary system (include prostate)? .......................................  ☐      ☐
   g. Endocrine system (include thyroid and breasts)? ........................  ☐      ☐
   h. Musculoskeletal system (include spine, joints, amputations,
      deformities)? ....................................................................................  ☐      ☐
6. Are there any hernias? ..........................................................................  ☐      ☐
7. Have you any pertinent information not brought out above? ..............  ☐      ☐

8. Urinalysis: SPECIFIC GRAVITY | ALBUMIN | SUGAR | To which lab was this specimen sent?

I certify that I made this examination on the _____ day of _____ Year _____
Examiner's signature: _____   Address _____
                                          City _____
Examiner's name (print) _____   State _____ Zip Code _____

PAGE INTENTIONALLY LEFT BLANK

Page 5 of 5

MUF50593ST 06-05      LETECIA L STAUCH                036580118      50593-0605_DS
                                                                    MUF708ST

DUPLICATE

**Question 2 Cont'd**



DUPLICATE



**LETECIA L STAUCH**                              036580118

DUPLICATE

# U S A A   L I F E   I N S U R A N C E   C O M P A N Y
## 9800 FREDERICKSBURG ROAD  SAN ANTONIO  TEXAS  78288

### Change of Beneficiary Endorsement

Primary Insured USAA Nr:   036580118
Contract Nr:   D433972188
Primary Insured:   Letecia Stauch
Owner:   Letecia Stauch

As Owner of the above-captioned contract, I hereby revoke the Beneficiary(ies) currently in effect and replace them as follows:

### SOLE BENEFICIARY

   100.00% to HARLEY HUNT, CHILD.

It's important to review your beneficiary designations periodically. In some cases, the beneficiary designation may not be changed in the event of a divorce or annulment. Please consult an attorney for detailed information.

Executed at the Home Office of the Company in San Antonio, Texas, as of March 3, 2020.


Brandon D. Carter
President
USAA Life Insurance Company

DUPLICATE

THIS PAGE INTENTIONALLY LEFT BLANK

DUPLICATE



**USAA LIFE INSURANCE COMPANY**
(A Stock Company)

## LEVEL TERM LIFE INSURANCE

**Premiums are payable in advance while the Insured is alive and until the Expiration Date. After the Premium Guarantee Period, premiums will not be more than the Total Annual Premium shown in the SCHEDULE OF GUARANTEED PREMIUMS. The policy may be continued to the Expiration Date. Convertible through the date shown in the POLICY INFORMATION section. Death benefit is payable if Insured dies before the Expiration Date and while this policy is in effect.**

**Nonparticipating:  dividends are not payable.**

**USAA LIFE INSURANCE COMPANY** 9800 Fredericksburg Road  San Antonio, Texas 78288

LLT98569SC  08-16        **30 YEARS**                          D433972188                98569-0916
                                                                                                                    LLT205S4

DUPLICATE