IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00413-PAB-MDB

USAA LIFE INSURANCE COMPANY,

    Plaintiff,

v.

EUGENE STAUCH,
LANDEN HIOTT, and
LETECIA STAUCH,

    Defendants.

---

# ORDER

---

This matter comes before the Court on the Agreed Motion for Default Judgment, Interpleader Relief, and Distribution of the Death Benefit [Docket No. 22]. The motion was filed by interpleader plaintiff USAA Life Insurance Company ("USAA"). *Id.* Interpleader defendants Eugene Stauch and Landen Hiott do not oppose the relief requested by USAA. *Id.* at 4.

## I. BACKGROUND

### A. Factual Allegations[1]

Defendant Letecia Stauch was the stepmother of Gannon Stauch, who was murdered in January 2020. Docket No. 1 at 3, ¶¶ 8 n.3, 10. Mr. Stauch and Ms. Hiott were Gannon's parents. *Id.* at 4, ¶ 15. Effective June 11, 2017, USAA issued a life

---

[1] The facts below are taken from USAA's complaint, Docket No. 1, and are presumed to be true for the purposes of ruling on the motion for default judgment.

insurance policy to Ms. Stauch.  Docket No. 1 at 2, ¶ 7.  The policy included a Term Life Insurance Rider for Children ("child rider") providing a death benefit of $25,000 to Gannon, who was named as an insured child.  *Id.* at 2-3, ¶ 8.  The child rider specifies that USAA will pay the death benefit "to the Insured, if living" or "to the estate of the Insured Child."  *Id.* at 3, ¶ 9.  In the event that the insured is precluded from receiving the death benefit, the child rider requires that the death benefit be paid to the child's estate.  *Id.* at 4, ¶ 14.  Under Colorado law, Gannon's parents, Mr. Stauch and Ms. Hiott, are equally entitled to his intestate estate.  *See* Colo. Rev. Stat. § 15-11-103(4)(a)-(b) ("If a decedent is not survived by a descendent but is survived by one or more parents, any part of the intestate estate not passing to the surviving spouse or surviving designated beneficiary is . . . divided into as many equal shares as there are . . . surviving parents[ ] and . . . [o]ne share passes to each surviving parent.").

Gannon Stauch was murdered in late January 2020.  Docket No. 1 at 3, ¶ 10.  In March 2020, Ms. Stauch was arrested for Gannon's murder and charged with murder in the first degree, child abuse resulting in death, tampering with a deceased human body, and tampering with physical evidence.  *Id.*, ¶ 11.  Under Colorado law, a killer may not wrongfully acquire property or interest as a result of her wrongdoing.  *See* Colo. Rev. Stat. § 15-11-803(6).  Accordingly, USAA alleges that a conviction for Gannon's murder would preclude Ms. Stauch from receiving the death benefit, which would be paid to Gannon's estate instead.  *Id.* at 4, ¶ 14.  USAA filed this interpleader action on the basis that, "[a]s a result of the pending charges against [Ms. Stauch] for Gannon's murder, USAA [ ] faces the prospect of exposure to multiple liability for the Death Benefit."  *Id.*, ¶ 16.  The complaint states that USAA is "unable to determine whether [Ms. Stauch],

[Mr. Stauch], [Ms. Hiott], or another individual or entity is entitled to the Death Benefit without incurring the risk of multiple liability." *Id.* at 5, ¶ 22.

### B.  Procedural History

USAA filed this interpleader action on February 13, 2023.  Docket No. 1.  Ms. Hiott and Mr. Stauch executed waivers of service on March 13, 2023.  Docket Nos. 9, 10.  On March 21, 2023, counsel entered an appearance on behalf of Ms. Hiott and Mr. Stauch.  Docket No. 11.  Ms. Stauch was served on February 28, 2023.  Docket No. 8 at 1-2.  Ms. Stauch has not entered an appearance.  On April 10, 2023, USAA filed a motion for entry of default against Ms. Stauch pursuant to Federal Rule of Civil Procedure 55(a).  Docket No. 12.  On the same day, the Clerk of Court entered default against Ms. Stauch.  Docket No. 13.

On April 26, 2023, the Court granted a motion by USAA to deposit funds into the Court registry in the amount of $25,000 plus interest accrued.  Docket No. 17.  On May 17, 2023, USAA deposited $26,415.24 into the Court registry.  Docket No. 21.  Interest on the funds has accrued daily since USAA deposited the funds.

### C.  Relief Requested

USAA's motion asks the Court to (1) enter default judgment against Ms. Stauch; (2) award USAA the relief requested in its interpleader complaint; (3) dismiss USAA with prejudice from this action; and (4) distribute the death benefit to Mr. Stauch and Ms. Hiott.  Docket No. 22 at 1.  In addition, the motion states that USAA, Mr. Stauch, and Ms. Hiott "have now agreed to resolve all claims and disputes relating to this interpleader action and the Death Benefit, and request that the Court enter their Agreed

Order.² " *Id*. at 2.  The Court will construe the motion as a motion for default judgment against Ms. Stauch, a motion to distribute the death benefit to Mr. Stauch and Ms. Hiott, and a motion to dismiss USAA as the interpleader plaintiff.

## II. LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55.  First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a).  Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b).  *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion."  *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citation omitted).  In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits."  *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted).  "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."  *Id.*  It serves to protect plaintiffs against "interminable delay and continued uncertainty as to his rights."  *Id.* at 733.  When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment."  *Seme v. E&H Prof'l Sec.*

---

² The "Agreed Order" refers to the proposed order attached to the motion.  *See* Docket No. 22-1.

*Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2022 rev.).

### III. ANALYSIS

#### A. Default Judgment

Before ruling on the motion for default judgment, the Court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over Ms. Stauch. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case").

##### 1. Subject Matter Jurisdiction

USAA's complaint asserts that the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1335. Docket No. 1 at 2, ¶ 5. Under § 1335, the Court has original jurisdiction over any civil interpleader action filed by a corporation "having

issued a . . . policy of insurance . . . of $500 or more" if "[t]wo or more adverse claimants, of diverse citizenship . . . may claim to be entitled to . . . any one or more of the benefits arising by virtue of any . . . policy" and if the plaintiff has deposited the value of the policy into the registry of the court.  28 U.S.C. § 1335(a).

Here, the death benefit for the child rider under the life insurance policy that USAA issued to Ms. Stauch is $25,000.  Docket No. 1 at 2, ¶ 8.  In addition, USAA alleges that the following individuals may claim to be entitled to the death benefit: (1) Mr. Stauch, a citizen of Colorado; (2) Ms. Hiott, a citizen of South Carolina; and (3) Ms. Stauch, a citizen of Colorado.  *Id.* at 1-2, ¶¶ 2-4.  Thus, USAA has alleged that two or more adverse claimants of diverse citizenship may claim to be entitled to the death benefit.  Finally, USAA deposited the value of the policy, plus interest, into the Court registry on May 17, 2023.  Docket No. 21.  Therefore, the Court finds that it has subject matter jurisdiction over this action under 28 U.S.C. § 1335.

### 2.  *Personal Jurisdiction*

The plaintiff bears the burden of establishing personal jurisdiction.  *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).  The plaintiff can satisfy its burden by making a *prima facie* showing.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  The Court will accept the well-pled allegations of the complaint as true in determining whether plaintiff has made a *prima facie* showing that personal jurisdiction exists.  *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008).  If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further.  *Id.*  The

plaintiff, however, may also make this *prima facie* showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant. *Id.*

Proper service is a jurisdictional prerequisite to litigation. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit."). Without proper service, the Court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992). Under Federal Rule of Civil Procedure 4(c) and (e), an individual is served when a person who is at least 18 years old and not a party delivers a copy of the summons and the complaint to the individual personally. Fed. R. Civ. P. 4(c), (e). Here, an individual over the age of eighteen office personally served Ms. Stauch with a copy of the complaint and summons on February 28, 2023. Docket No. 8 at 1-2. Therefore, the Court finds that Ms. Stauch was properly served in accordance with Rule 4. Because she resides in the District of Colorado, Docket No. 1 at 2, ¶ 4, the Court has personal jurisdiction over Ms. Stauch. *See Dallas Buyer's Club, LLC v. Cordova,* 81 F. Supp. 3d 1025, 1032 (D. Colo. 2015) ("As Defendant resides in the District of Colorado, the Court has personal jurisdiction over him."). Thus, the Court finds that it has subject matter jurisdiction over the case and personal jurisdiction over Ms. Stauch.

### 3. Default Judgment

"The failure of an interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted." *Combined Ins. Co. of Am. v. Glass,* No. 14-cv-01458-KMT, 2015 WL 996172, at * 9 (D. Colo. Mar. 3, 2015) (alteration omitted) (quoting *Amoco Prod. Co. v. Aspen Grp.*, 59 F. Supp. 2d 1112, 1116 (D. Colo. 1999)). Because Ms.

Stauch failed to answer the interpleader complaint or assert a claim to the death benefit, the Court finds that Ms. Stauch has forfeited any claim she might have asserted to the death benefit.  The Court will grant the motion for default judgment against her.

### B.  Unopposed Motion to Dismiss USAA

The motion asks the Court to dismiss USAA from this action with prejudice and discharge it from any further liability arising out of or relating to the death benefit. Docket No. 22 at 1.

> Where an insurance company is a mere stakeholder and can contribute nothing toward resolution of the issues between the other parties, its interpleader action is properly filed, and no genuine issue exists as to its rights and liabilities, "it should be discharged from any and all liability arising out of or based on the policies involved, except to pay the proceeds of such policies to the party or parties ultimately adjudge to be entitled thereto."

*Combined*, 2015 WL 996172, at * 9 (quoting *Am. Home Life Ins. Co. v. Barber*, 2003 WL 21289986, at *2 (D. Kan. May 15, 2003)).  As discussed above, USAA properly filed this interpleader action under 28 U.S.C. § 1335.  USAA has no interest in the death benefit and admits liability to pay the death benefit to the proper recipient.  Docket No. 1 at 5, ¶¶ 20-21.  USAA has deposited the amount of the death benefit, plus interest, into the registry of the Court.  Docket No. 21.  Therefore, USAA is a disinterested stakeholder, and the Court will dismiss it from this action and discharge it from liability arising out of or based on the death benefit.

The motion also asks the Court to enjoin defendants from instituting or prosecuting further any proceeding against USAA arising out of or relating to the death benefit.  Docket No. 22 at 3, ¶ c.  In any interpleader action under § 1335, a district court may enter a permanent inunction "restraining [all claimants] from instituting or

8

prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action." 28 U.S.C. § 2361.  The Court will enter such a permanent injunction.

### C.  Disbursement of Funds

The motion also asks the Court to order the disbursement of the funds deposited into the registry to Mr. Stauch and Ms. Hiott in the amount of $13,207.62 each based on an agreement reached by the parties.  Docket No. 22 at 2-3.  This represented, at the time of the motion, one half of the deposited funds being distributed to each of them.  However, interest has accrued between the time of the motion and the time of this order.  The Court will therefore order the disbursement of one half of the funds and accrued interest to each.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the Agreed Motion for Default Judgment, Interpleader Relief, and Distribution of the Death Benefit [Docket No. 22], construed as a motion for default judgment and unopposed motion to dismiss USAA, is **GRANTED**.  It is further

**ORDERED** that default judgment is entered against Letecia Stauch.  It is further

**ORDERED** that USAA is fully and finally discharged from any further liability arising out of or relating to the death benefit.  It is further

**ORDERED** that USAA is dismissed from this action.  It is further

**ORDERED** that defendants are enjoined and restrained from instituting or prosecuting further any proceeding in any state or United States court against USAA arising out of or relating to the death benefit.  It is further

9

**ORDERED** that that the Clerk of the Court shall disburse all funds currently held in the Court registry in connection with this case, including all interest accrued, less the registry fee assessment, as follows: one half to Eugene Stauch, c/o Carolyn Juarez, Neugeboren O'Dowd P.C., 726 Front St., Ste. 220, Louisville, CO 80027; and one half to Landen Hiott, c/o Carolyn Juarez, Neugeboren O'Dowd P.C., 726 Front St., Ste. 220, Louisville, CO 80027.  It is further

**ORDERED** that this action is dismissed with prejudice, with each party bearing its own attorneys' fees and costs.  It is further

**ORDERED** that this case is closed.

DATED March 19, 2024.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge